UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

DENNIS ROWE
# 13649 - 014
F.C.I. ALLENWOOD
P.O. BOX 2000
WHITE DEAR, PA 17887

CA 04 246T

Plaintiff,

CIVIL RIGHTS COMPLAINT

v.

Case No.________________

UNITED STATES MARSHALS SERVICE
DEPARTMENT OF JUSTICE
950 PENNSYLVANIA AVE, N.W.
WASHINGTON, D.C. 20530 - 0001

and

MR. HARLEY G. LAPPIN, DIRECTOR
UNITED STATES BUREAU OF PRISONS
320 FIRST STREET, N.W.
WASHINGTON, D.C. 20530

JURY TRIAL DEMANDED

and

THOMAS JENKINS, PRESS., COO
CORNELL COMPANIES,
1700 WEST LOOP SOUTH,
SUIT 1500
HOUSTON, TEXAS 77027

ORIGINAL

and

CORNELL COMPANIES, INC.
C/O LOCKE, LIDDELL & SAPP, CORPORATE COUNSEL
3400 CHASE TOWER
600 TRAVIS
HOUSTON, TEXAS 77002 USA

and

JOHN DOE, WARDEN
DONALD W. WYATT DETENTION FACILITY
950 HIGH STREET
CENTRAL FALLS, RHODE ISLAND 02863

S.A. YATES, WARDEN
F.C.I. ALLENWOOD
P.O. BOX 2000
WHITE DEAR, PA 17887

AND

JOHN DOE'S, MEDICAL STAFF
F.C.I. ALLENWOOD
P.O. BOX 2000
WHITE DEAR PA 17887

AND

JOHN DOE, WARDEN
F.C.I. FORT DIX
P.O. BOX 2000
FORT DIX, NEW JERSEY 08640

AND

SCHODER, CORRECTIONAL OFFICER
F.C.I. FORT DIX
P.O. BOX 2000
FORT DIX, NEW JERSEY 08640

AND

JOHN DOE'S AND JANE DOE's, MEDICAL STAFF
F.C.I. ALLENWOOD
P.O. BOX 2000
WHITE DEAR, PA 17887

AND

JOHN AND JANE DOE's, MEDICAL STAFF
DONALD W. WYATT DETENTION FACILITY
950 HIGH STREET
CENTRAL FALLS, RHODE ISLAND 02863

AND

LOUIS LUN
DONALD W. WYATT DETENTION FACILITY
950 HIGH STREET
CENTRAL FALLS, RHODE ISLAND 02863

AND

JOHN D. ASHCROFT, UNITED STATES ATTORNEY GENERAL, et. al
DEPARTMENT OF JUSTICE
TENTH STREET AND CONSTITUTION AVE, N.W.
WASHINGTON, D.C. 20001

AND

JOHN DOE, CORRECTIONAL OFFICER
DONALD W. WYATT DETENTION FACILITY
950 HIGH STREET
CENTRAL FALLS, RHODE ISLAND 02863

AND

D. Hammond, Acting Health Service Admin
F.C.I. Allenwood
P.O. Box 2000
White Deer, PA 17887

AND

Manenkoff, PA
F.C.I. Allenwood
P.O. Box 2000
White Deer, PA 17887

PARTIES

1. Dennis Rowe, is a federal prisoner currently being housed at the F.C.I. Allenwood facility, P.O. Box 2000, White Dear, PA 17887. at all times mentioned in this 42 U.S.C. 1983 civil complaint before the Court. Plaintiff Rowe was being housed at the Wyatt Detention facility in Central Falls, Rhode Island.

2. Defendant, John D. Ashcroft, is the United States attorney general, He is responsible for the care, custody, safety, of all prisoners committed to the custody of the federal Bureau of prisons and contracted facility's such as the Wyatt Detention facility, under § 4001. Limitation of detention: controls of prisons: He is being sued for punitive and Compensatory damages in his individual capacity.

3. Defendant, Cornell Companies, Inc. a.k.a. Cornell Corrections., is a private owned company by the Donald W. Wyatt facility in central falls Rhode Island and is the ultimate reason Plaintiff was exposed to the high levels of carbon monoxide poisoning. The Cornell Correctons is responsible for the safety, care, and custody of this prisoner committed to the facility and the medical care, treatment of it's prisoners while being housed . They are being sued for Punitive and compensatory damages, In thier indiviual capacity.

4. Defendant, John Doe, warden of the Donald W. Wyatt Detention facility in central Falls Rhode Island, He is responsible for the care and custody, safety and medical treatment to all prisoners committed to the facility he maintains while under contract with the Federal Bureau of Prisons under contract to the United States Marshal service agents of the Attorney general. He is being sued for Compensatory damages in his Individual Capacity.

5. Defendnts, United States Marshal Service for the Justice Department. Who is responsible for the care and custody and safety as well as the housing of Federal Prisoners commited in the District Court of Rhode Island under 42 U.S.C.A. § 4008, Prisoners shall be transported by agents designated by the Attorney General or his authorized representives they are responsible for the monitoring of the facilities they contract to house Federal Prisoners, they are responsible for establishing policies and procedures. They are being sued for Punitive and Compensatory damages in thier individual Capacities.

6. Defendant, S.A. Yates, is the warden of the F.C.I. Allenwood facility in White Dear PA. As warden he is responsible for the care and custody of the prisoners in his care, He is also res - ponsible for establishing policies and procedures. He is being sued for Punitive and Compensatory damages in his individual capacity.

7. Defendant, John Doe, is a Correctional Officer employed by the Donald W. Wyatt Cornell Companies, he is responsible for priosners care, safety, and custody. He is being sued for Punitive and Compensatory damages in his individual capacity.

8. Defendant, John Doe, is the Warden of the F.C.I. in Fort Dix located in Fort Dix New Jersy. He is responsible for the care, safety, and custody of prisoners being housed in the Fort Dix facility. He is also responsible for establishing Policies and the medical care of the inmates inside that facility. He is being sued for Punitive and Compensatory damages in his individual Capacity.

9. Defendants, John and Jane Doe's are all Medical staff members employed by the Federal Bureau of Prisons at the Fort Dix facility they are responsible for the medical care provided to prisoners being housed in that facility and all Follow - up treatment. They are being sued for Punitive and compensatory damages in there individual capacities.

10. Defendant, Schoder, is a Correctional officer at the Fort Dix facility, he is responsible for the care, safety, custody of prisoners committed to the Fort Dix facility. He is being sued for Punitive and Compensatory damages in his individual capacity.

11. Defendants, John and Jane Doe's herein mentioned all medical staff members employed by the Federal Bureau of Prisons at the Allenwood facility, They are responsible for the medical care and needs of prisoners being housed at the Allenwood facility and also follow-up treatment. They are being sued for Punitive and Compensatory damages in thier individual capacities.

12. Defendant, Thomas Jenkins, is one of the staff members at the Cornell Companies whom contracts the Donald W. Wyatt Detention Facility to the United States Department of Justice. He is responsible for the buildings use for housing federal Prisoners. He is being sued for Punitive and Compensatory damages in his Individual Capacity.

13. Defendant, D. Hammond, is the acting Health Service Administrator at the F.C.I. Allenwood facility he is in charge of the health service department and all medical staff members and for answering grievance's concerning medical complaints from inmates, He is also responsible for medical needs, safety, custody and care. He is being sued for Compensatory and Punitive damages in his Individual Capacity.

14. Defendant, Manenkoff, is a physicians Assistant at the F.C.I. Allenwood facility and assigned to the plaintiff by staff members by inmate numbers, He is responsible for medical treatment and medical needs of the inmates assigned to his case load. He is being sued for Punitive and Compensatory damages in his individual Capacity.

15. Louis Lun, is a employee of the Donald W. wyatt detention facility as a Culinary supervisor or employee, He is responsible for supervising inmates assigned to the Culinary for work detail, He is also responsible for the care and custody, safety of inmates. He is being sued for Punitive and Compensatory damages in his individual Capacity.

I. <u>CIVIL RIGHTS ACTION WITH A JURY DEMAND</u>:

This is a Civil Rights action filed by Dennis Rowe, an inmate Pursuant to 42 U.S.C. § 1983 alleging the Exposure to Extremly Toxic Carbon Monoxcide gases, Crual and Unusual Punishment, Denial of adequate medical treatment for the exposure from the carbon monoxcide leak which was intentionally Ignored by Correctional Staff member and Culinary staff members upon being notified by Plaintiff and several other inmates who were also exposed. The denial of follow - up treatment, the denial of an adequate grievance system while being housed in a facility contracted by the Federal Bureau of Prisons, Sexual Harassment by Correctional staff menbers and Medical staff. Verbal abuse and Physical abuse, all in blantant and deliberate indfference to plaintiff's serious medical needs, the use of Retaliation and the continued use of retalitory tactic's in violation of plaintiff's Due process Rights and the Right to equal protection in violation of plaintiff's Fifth, Eighth, Fourteenth Amendment Rights under the Constitution

## JURISDICTION

II. The Court has Jurisdiction over Plaintiff's claims of Violations of Federal Constitutional rights Under 42 U.S.C. § 1983 and 42 U.S.C.A. §§ 1331 (a) and 1343, declaratory relief and Injuctive relief is sought Pursuant to 28 U.S.C. §§ 2201 and 2202.

This Plaintiff has exhauseted all his available remedies concerning the denial of medical treatment and care at the F.C.I. Allenwood facility seeking the treatment of Carbon Monoxcide Poisioning while being housed under the care and Custody of the Federal Bureau of prisons and under the care of the Attorney General of the United States.

Plaintiff was denied access to the Grievance system while at the Donald Wyatt Detention facility and the Opportunity to exhaust his remedys because there was no grievance system in effect at the above facility, Out of retaliation for plaintiff's constant request for grievnace resolution plaintiff was tranfered to the Fort Dix facility where he was subjected to Sexual harassment by correctonal officer's and his attemps to seek Medical attention and exhuastion of his grievance were futher hindered.

Plaintiff, is alleging the exposure to extremly toxic Carbon Monoxcide gases and Denial of Medical Care and Sexual Harassment.

FIRST CAUSE OF ACTION:

A. EXPOSURE OF CARBON MONOXCIDE GASES:

12. Paragraph 1 - 11 are incorporated by reference as re- alleged and re - stated:

13. Plaintiff, herein on or about August 7, 2001, While working in the kitchen at the Donald Wyatt Detention facility, employed by the Federal bureau of Prisons under the federal Bureau of Prisons care and custody, Complained to Correctional Staff Supervisor Louis (Lun) of feeling dizzy, Light headed and nauseous.

14. The supervisor ignored plaintiff's complaint and refussed to respond or assist the plaintiff in seeking medical treatment upon plaintiff requesting to go to medical for the sudden illness.

15. Mr. Louise refused to investigate at the time of plaintiff's initial complaint of being dizzy and light headed as well as the complaint of other inmates illness's which was later found too be a leakage of carbon monoxcide gases.

16. One of the most insidious poisons which had already progressed and entered plaintiffs blood stream.

17. Plaintiff after falling out was transported to the Wyatt detention facility medical Department upon being revived I was given a Tylenol/ Advil and ordered to return back to work, basically, back into the Carbon Monoxcide, upon returning back to the kitchen under duress and still dizzy.

18. Upon returning back as ordered at 7:00 am and again I almost fainted from inhailing the gases again becoming dizzy, and light headed and nauseous.

19. At approximatly 7: 05 a.m. another inmate Miguel Rodriques was found unconscious in the Wyatt Kitchen bathroom.

20. At which time, the Paramedics were called to the institution and Mr. Rodriques was taken to the hospital, Then Correctional staff came and escorted and locked the hospital, which is adjacent to the kitchen.

21. Thereafter the fire department was summoned and arrived and began testing the area with instruments, The fire fighters informed correctional staff that Plaintiff and other inmates had to be removed immediatly and isolated in another section of the hospital area.

22. Plaintiff by now was suffering from excruciating pain in his chest, and head which felt like extreme pressure of his brain, Plaintiff then began vomiting as well as other inmates.

23. Plaintiff began crying from the unbearable pain.

24. Correctional staff Sargent, Troy began falsly accussing plaintiff and several other inmates of ingesting intoxicants we were accused of smoking marijuana and drinking hooch (home made) wine and insinuated that if the plaintiff and the other inmates who were also sick admit to smoking marijuana and drinking that he would not bring disciplinary charges against plaintiff and the other inmates.

25. Upon the firemen testing the library area where plaintiff had also been escorted by correctional staff, again being sub - jected to the gases the correctional officers were informed that we could not remain inside the libray either because of the exposure to the gases, we were transferred to the receiving and discharge area along with several other inmates from the kitchen, laundry room and the libray area.

26. Upon Sargent Troy realizing the exposure to the gases he apoligized for accusing plaintiff of intoxicants and informed plaintiff that he had been exposed to Carbon Monoxcide and that plaintiff would be excorted to the hospital.

27. Upon being notified, plaintiff was administered by paramedics Oxygen at 3:30 P.M. on August 8, 2001.

28. Plaintiff was taken to the hospital in Rhode Island at approximately 5:00 p.m., when plaintiff arrived at the hospital, blood was drawn and an I.V. was administered.

29. The quanity of Oxygen that was administered gave a false reading of the plaintiff's level of exposure to the Carbon Monoxcide.

31. Plaintiff was then given food for the first time at approximately 9:00 p.m. and plaintiff's feet were shackled to the bed and his hands were handcuffed too tight to the black box.

32. Plaintiff informed the correctional officers who were supervising him, that the cuffs were on too tight and requested if he could please loosen the handcuffs a little because the blood had stoped circulating and plaintiffs hands became numb, the officer told plaintiff that he was lucky that he was in the hospital and that if it was left up to him he would have died.

33. Plaintiff could not sleep at all under these crual and unusual conditions and was forced to lay awake all night in pain.

34. The following day, August 9, 2001 at approximately 5:00 a.m., plaintiff and the others were returned to the Wyatt Detention facility.

35. At which time plaintiff overherd the doctors at the hospital tell the officers that plaintiff and the other inmates should have follow - up treatment.

36. Plainitff requested grivances forms to exhaust his remedy for the Carbon Monoxcide gases being exposed to him and for the conduct of the officer' statment's about ( If it was left up to him plaintiff would die), Plaintiff was denied access to any grievances and informed that there were none.

37. Shortly thereafter Wyatt Detention facility subsequently installed Carbon Monoxcide detectors and the Carbon Monoxcide alarms constantly rang thereafter.

38. Plaintiff continues to have complications with his breathing, chest pains, lightheadedness, dizzy spells, and unconsciousness. plaintiff has since been given a asthma pump, and plaintiff has never suffered form asthma in the past before the exposure to the high levels of Carbon Monoxcide.

39. Approximately six (6) weeks after the initial incident of August 7, 2001, Plaintiff colapsed unconscious in the kitchen again at the Wyatt Detention facility sustaining injuries to his head and back.

40. To the present day plaintiff suffers extreme physical pain and suffering sustained from the high levels of the Carbon Monoxicide poising included but but not limited to sever headaches, sudden flashes of pain in his temple and head areas, memory loss, lose of balance when walking, feeling as if I'm walking sideways, pain in my eyes, dizziness when I stand up, and my blood presure constantly goes up, breathing difficulties, pain in my joints, and mental and emotional problems because I cant receive any medical attention.

41. Plaintiff has sought follow -up treatment for the exposure to the Carbon Monoxcide poising and is constantly denied by medical staff by all the named defendants in this complaint.

42. From seeking treatment from the administration at all the named defendants I have only been retaliated against such as the incident at Fort Dix with officer Schoder who began harrassing me for attempting to file grievances concerning this matter and he started sexually harassing me while coming from a visit while conducting a strip search where he on numerous occacions told me to (bend over and spread my cheecks) after complaining he told me that (I know I like it). This harassment was a attempt to anger me so he could put me in the hole.

43. Again plaintiff continues to suffer, even at the hands of the F.C.I. Allenwood administrative staff and the medical staff.and the more I request medical assistance the more staff retaliate by trying to place me in segregation.

44. Plaintiff, has sought medical attention from the medical staff here at the Allenwood facility which has been denied by the assigned medical provider Manenkoff and D. Hammond, the Acting Health Service administrator and the Warden S.A. Yates who has denied all grievances concerning this medical issue.

## RELIEF REQUESTED

Wherefore, Plaintiff request that the Court Grant the following relief:

A. Issue a declaratory Judgement against the defendants stating that:

1. The Defendants herein this complaint use no retalitory tactic's against the Plaintiff for filing this complaint, By shipping the plaintiff farther from where he can receive visits from his family meaning they not place plaintiff on a bus for the next several months or years where he is never in one jail for more than one night.

2. That the defendants not confiscate plaintiffs property and mysteriously loose his belongs.

3. Provide the plaintiff with adequate medical care and treatment for his exposure to Carbon Monoxcide Poisoning and all other symptoms which led up to this complaint.

4. Plaintiff, is also requesting an injuction be placed on the defendants for numbers (1) of this declaratory request.

5. That all Physical, Sexual and Mental abuse of the plaintiff concerning all allegations herein be stoped and that plaintiff be given or assigned another health care provider.

## CLAIMS FOR RELIEF

1. The actions or inactions of defendants United States Marshals, Harvey G. Lappin, John D. Ashcroft, S.A. Yates, John Doe Warden, D. Hammond, Manenkoff, John Doe warden of Donald W. Wyatt Detention Facility, all of whom has an independant responsibility not to sit idly by as plaintiff's rights are violated under 42 U.S.C.A. § 4006,(a)(b)(1), 42 U.S.C.A. §§ 4013 (a) 1,2,3,4, and 42 U.S.C.A. 4042 (a) (1)(2)(3)

2. The actions of Schoder in the sexual harassment against the plaintiff was unprofessional conduct and without need or provocation and constituted an assault under the law.

3. The actions of all John Doe Wardens, S.A. Yates, Lappin, Jenkins John D. Ashcroft, UNITED States Marshals Service, Thomas Jenkins, Cornell Companies, for the denial of adequate medical treatment Constituted deliberate indiffernce to plaintiff serious medical needs and for the exposure of Carbon Monoxcide poisoning violated plaintiffs Eighth Amendment rights under the United States Constituton.

4. The actions of all John Doe medical staff who either refused to treat plaintiff or ignored his plea for medical assistance constituted deliberate indifference in the denial to assist plaintiff with proper medical treatment violated plaintiffs Eigth Amendment rights under the United States Constitution .

5. The actions of John Doe, The Correctional Officer who escorted plaintiff to the hospital and subjected plaintiff to the crual and Unusual Punishments, violated plaintiff's Eight Amendment rights in violation of the United States Constituton.

6. The actions of all Jane Doe defendants are employed in the medical department at one of the three facilitys in this complaint all violated plaintifs Eight Amendent rights in violation of the United States Constituton.for the denial of medical treatment.

B. Award compensation damages in the following amounts:

1. 5 Million dollars jointly and severally against defendants John D. Ascroft, United States Marshall Service, Jenkins, Lappin, Yates, both John Doe, Wardens, Cornell Companies, all of whom had an independant responsibility not to sit by idly as plaintiffs Due Process and Equal Protection rights were violated and for the neglegent exposure to the Carbon Monoxcide Poisoning and the denial and hindurance to provide medical treatment and follow - up treatment for the plaintiff and for allowing Correctional staff to harass the plaintiff sexually, verbally, and mentally.

2. 500,000 jointly and severally against defendants all John and Jane Doe's mentioned in this complaint for the intentional denial of medical care and treatment for Carbon Monoxcide Poisoning knowing that the plaintiff had been exposed causing more pain and suffering Physically and mentally out of deliberate indifference.

3. 400,000 severally against defendant Schoder for subjecting plaintiff to mental and psychological,and emotional stress thru sexual harassment.

4. 300,000 severally against defendants Louis Lun, John Doe - Correctional Officer, for the intentional and deliberate indifference towards plaintiff's medical needs and causing plaintiff to suffer in violation of plaintiff's Eight Amend-mend rights.

5. 1.5 Million dollars severally against defendants S.A.Yates, D. Hammond, Manenkoff for the intentional denial of Medical care and treatment and for Mental and emotional abuse and Sexual harassement or for not stoping this harassement by staff in violation of plaintiff's Eighth amendment rights and equal protection of the Law.

C. <u>AWARD PUNITIVE DAMAGES IN THE FOLLOWING AMOUNTS</u>:

1. 50,000 each against defendants John D. Ashcroft, United States Marshall Service, Jenkins, Lappin, Yates, both John Doe Wardens, Cornell Companies, ;

2. 40,000 each against defendants all John Doe and Jane Doe Medical Staff employed at all three facilities mentioned in this complaint.

3. 40, 000 each against both John Doe Wardens mentioned in the Complaint.

4. 70,000 against defendant Louis Lun, John Doe-Correctional Officer, and Schoder.

D. Grant such other relief the Court may deem plaintiff is entitled.

Date 6/13/04

RESPECTFULLY SUBMITTED
Dennis Rowe
Dennis Rowe
# 13649 - 014
F.C.I. Allenwood
Unit # 3
P.O. Box 2000
White Dear, PA 17887