UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

CA 04 246T

DENNIS ROWE
# 13649 - 014
F.C.I. ALLENWOOD
P.O. Box 2000
White Dear, PA 17887
Plaintiff,

Civil Rights Complaint

Case No.________________

V.

UNITED STATES MARSHAL SERVICE, et.al
MR. JOHN D. ASHCROFT, et.al
THOMAS JENKINS, et.al
CORNELL COMPAINIES, et.al
JOHN DOE'S, WARDENS, et.al
JANE DOE'S AND JOHN DOE'S
S.A. YATES, WARDEN, et.al
SCHODOR,
LOUIS LUN

JURY TRIAL DEMANDED

MOTION FOR THE APPOINTMENT OF COUNSEL

Comes, now Plaintiff Dennis Rowe, Pro - Se Pursuant to §§ 1915, respectfully request this Honorable Court to appoint Counsel to represent him in this instant case for the following reasons:

1. Plaintiff is unable to afford Counsel.
2. The issues involved in this case are complex and will involve the assistance of Medical experts.

SCANNED



(3)

3. The plaintiff has no access to the Medical issues involved in his Complaint to sufficiently argue his illness.

4. The Plaintiff has alleged conduct from several John Doe and Jane Doe defendants who are in several different facilities in the department of Corrections which he will need the assistance of Counsel to locate .

5. The plaintiff has no knowledge of the Law.

For the following above reasons, Plaintiff Pray's that this Honorable Court appoint Counsel to assist the plaintiff.

Date 6/13/04

Respectfully Submitted

Dennis Rowe

Dennis Rowe - Pro Se
# 13649 - 014
F.C.I. Allenwood
P.O. Box 2000
White Dear, PA 17887

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

DENNIS ROWE
# 13649 - 014
F.C.I. ALLENWOOD
P.O. Box 2000
WHITE DEAR, PA 17887
Plaintiff,

Civil Complaint

v.

Case No. ____________________

UNITED STATES MARSHAL SERVICE, et.al

JOHN D. ASHCROFT, et.al

THOMAS JENKINS, et.al

JURY DEMANDED

CORNELL COMPANIES, et.al

JOHN DOE'S, WARDENS, et.al

JANE AND JOHN DOE's, MEDICAL STAFF, et.al

S.A. YATES, WARDEN, et.al

SCHODER, CORECTIONAL STAFF

LOUIS LUN,

MEMORANDUM OF LAW IN SUPPORT OF THE PLAINTIFF'S
MOTION FOR THE APPOINTMENT OF COUNSEL

STATEMENT OF THE CASE:

This is a Civil Rights Complaint filed under U.S.C.A. § 1983 by a Federal Prisoner being held in a Federal Prison and asserting claims for the Unconstitutional exposure to Carbon Monoxcide gase while being housed at the Donald W. Wyatt Detention Facility at 950 Hight Street, Central Falls, Rhode Island. This Complaint alleges the denial of Due Process and Equal Protection, the denial of adequate medical care and the follow - up treatment ordered by Doctors from a outside hospital where I was taken directly after being exposed to these above mentioned gases. This complaint also alleges Sexual Harassment, Crual and Unusual Punishment and excessive force by Correctional Staff, Retaliation and the use of retalitory tactics, The Plaintiff seeks damages as to all the claims and injuctive relief to ensure proper medical treatment.

STATEMENT OF FACTS:

This complaint alleges that the Plaintiff was exposed to Carbon Monoxcide gases while being housed at the Donald W. Wyatt Detention facility on or about August 8, 2001.

The plaintiff has since been denied medical treatment and subjected to Sexual Harassment, retaliation, Crual and Unusual punishment and informend by medical staff that there is no record of plaintiff's exposure to carbon monoxcide poisoning or plaintiff's injuries. Plaintiff has also been subjected too the un - warranted disciplinary charges for seeking medical care for all the injuries alleged in this complaint and denied the opportunity to file grievances while at the Donald W. Wyatt Detention Facility because there was no established grievance system in effect at the detention facility.

## ARGUMENT

THE COURT SHOULD APPOINT COUNSEL FOR THE PLAINTIFF.

In deciding whether to appoint counsel for an indigent litigant, the court should consider "the factual complexity of the case, the ability of the indigent to investigate the facts, the existence of conflicting testimony, the ability of the indigent to present his claim and the complexity of the legal issues. Abdullah v. Gunther, 949 F. 2d 1032, 1035 (8th Cir. 1991)(citation omited), Cert. denied, 12 S. Ct.1995 (1992). In addition, courts have suggested that the most important factor is whether the case appears to have merit. Cooper v. Sargenti Co., Inc. 877 F. 2d 170, 173 (2 Cir.1989). Each of those factors weighs in favor of appointing counsel in the case.

1. Factual complexity. The plaintiff alleges that he has been exposed to Carbon monoxcide while being housed at the Donald W. Wyatt Detention Facility, Which was contracted too the Federal Bureau of Prisons to house federal prisoners plaintiff was exposed and taken to the hospital and treated for exposure to Carbon monoxcide gases, Plaintiff was transfered out of retaliation for attempting to exaust his administrative remedys which was not in effect at the facility, Platiff was subjected to Crual and Unusual Punishment by correctional officers, and the use of retalitory tactics at several other institutions he has also been transfered too for the same above reasons, Plaintiff is still suffering from the effects of the carbon monoxcide gases and continue to be denied medical treatment all these claims of violations are of a Constitutional magnitude. The sheer number of claims and defendants make this a factually complex case.

2. The Plaintiff's ability to investigate.

The plaintiff is incarcerated in another institution in another state therefore plaintiff has no ability to investigate the facts. For example, he is unable to identfy, locate and interview the other victims exposed to the Carbon Monoxcide gases, a factor that several courts have cited in appointing counsel. Tucker v. Dickey, 613 F. Supp. 1124, 1133-34 (W.D. Wis. 1985) (need for discovery supported appointment of counsel).

3. Conflicting testimony.

The plaintiff's account of his exposure and Constitutional violations by the defendants and Correctional officers will squarley be in conflict with the statemants of officers. This aspect of the case will be a credibility contest between the defendants and the plaintiff (and such inmates witness as can be located). The existence of these credibility issues supports the appointment of Counsel. Gaston v. Coughlin, 679 F. Supp. 270, 273 (W.D.N.Y. 1988).

4. Legal Complexity

The large number of defendants, some supervisory officials, presents complex legal issues of determining which defendants were sufficiently personally involved in the constitutional violations to be held liable. In addition, the plaintiff has asked for a Jury Trial, Which requires much greater legal skills than the plaintiff has or can develope. See Abdullah v. Gunther, 949 F. 2d 1032, 1036 (8th Cir. 1991) ( citing jury demand as a factor supporting appointment of counsel) Cert, denied, 112 S, Ct. 1995 (1992).

5. The Merits of the case.

The plaintiff's allegations, if proved, clearly would establish a constitutional violation. The unprovoked and injurious exposure to Carbon monoxcide gases and the direct denial of medical treatment in violation of plaintiff's Eight Amendment rights alleged in the complaint clearly states an Eighth Amendment violation. See, Hudson v. McMillian, ____ U.S. ___, 112 S.Ct. 995, 1000 (1992); The allegation of denial of medical care amount to "intentional interfering with the treatment once prescribed, "Which the Supreme Court has specifically cited as an example of unconstitutional deliberate indifference to Prisoners medical needs. Estelle v. Gamble, 429 U.S. 97, 105, 97 S. Ct. 285 (1976). The complaint on its face is a meritorious case.

## CONCLUSION

For the foregoing reasons, the Court should Grant the Plaintiff's motion and appoint Counsel in this case.

Date 6/13/04

Name Dennis Rowe # 13649-014

Address F.C.I Allenwood
P.O. Box 2000
White Deer PA. 17887

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

DENNIS ROWE
# 13649 - 014
F.C.I. ALLENWOOD
P.O. Box 2000
WHITE DEAR, PA 17887
Plaintiff,

Civil Complaint No. ______________________

V.

UNITED STATES MARSHAL SERVICE, et.al
MR. JOHN D. ASHCROFT, et.al
THOMAS JENKINS, et.al
CORNELL COMPANIES, et.al
JOHN DOE's WARDENS, et.al
JANE AND JOHN DOE'S
S.A.YATES, WARDEN, et.al
SCHODER,
LOUIS LUN

JURY DEMANDED

AFFIDAVIT IN SUPPORT OF THE PLAINTIFF'S
MOTION FOR THE APPOINTMENT OF COUNSEL

I, Dennis Rowe, being duly sworn, depose and say's:

1. I am the plaintiff in the above entitled case, I make this affdavit in support of my Motion for the appointment of Counsel.

2. The complaint in this case alleges that the plaintiff was subjected to Carbon Monoxcide Poisoning while being housed at the Donald W. Wyatt Detention Facility at 950 High Street, Central Fallls, Rhode Island. I was taken to the hospital and treated for Carbon Monoxcide Poisoning it was told to the Correctional Staff who transported me to the hospital that I required follow - up treatment, I have since been denied any treatment for this exposure, I have been told by Correctional medical staff that the illness I suffer from is non - existant as well as there is no record since being transfered from the Donald W. Wyatt facility of me being exposed to the Carbon Monoxcide gases.

3. I have documented proof of this carbon Monoxcide exposure, which occured at the Donald W. Wyatt correctional facility as well there are several correctional staff members who have also filed civil complaints against this company concerning thier exposure. Futhermore I continue to suffer from the effects and have constantly been denied medical treatment as alleged in this instant complaint, I have since been transfered and subjected to retalitory tactics at each institution mentioned herein, I have been also subjected to the un-warranted use of Sexual harassment and physical and mental and verbal abuses.

4. This is a complex case because it contains several different legal claims, With each claim involving a different set of defendants.

5. The case involves medical issues that may require expert testimony.

6. The plaintiff has demanded a jury trial.

7. The case will require discovery of documents and depositions of a number of witnesses.

8. The testimony will be in sharp conflict, since the plaintiff alleges the exposure of carbon monoxcide poisoning, Sexual harassment, crual and unusual punishment and abuse.

9. The plaintiff has only a high School education and has no legal education or Medical education.

10. The plaintiff has no access to investigate the facts of this case adequatly to present his claims.

11. As set forth in the memorandum of law submitted with this motion, These facts, alone with the legal merit of the plaintiff's claims, support the need for counsel to represent the plaintiff.

Dennis Rowe

Dennis Rowe - Pro-Se

I declare Pursuant to 28 U.S.C. 1746, that I declare under the penalty of perjury that the foregoing is true and correct.

Dennis Rowe

Dennis Rowe - Pro -Se

Witnesses #08619-057

#52406-054

61333-080