**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

DENNIS ROWE

vs.

UNITED STATES MARSHALS
SERVICES.
Department of Justice
950 Pennsylvania Ave, N.W.
Washinton D.C. 20530-0001

CIVIL ACTION NO: 04-246T

and

JOHN DOE, WARDEN
Donald W. Wyatt Detention Facility
950 High Street
Central Falls, Rhode Island 02863

and

THOMAS JENKINS, PRESS., COO
Cornell Companies
1700 West Loop South
Suit 1500
Houston, Texas 77027

and

JOHN DOE, Correctional Officer
Donald W.Wyatt Detention Facility
950 High Street
Central Falls, Rhode Island 02863

and

LOUIS LUNN, Food Service Supervisor
Donald W.Wyatt Detention Facility
950 High Street
Central Falls, Rhode Island 02863

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

DENNIS ROWE, Plaintiff

v.

UNITED STATES MARSHALS SERVICE, et al.
WARDEN JOHN DOE, DONALD W. WYATT DETENTION FACILITY, THOMAS JENKINS; JOHN DOE, Correctional Officer; WYATT DETENTION FACILITY; and LOUIS LUN WYATT DETENTION FACILITY, Defendants.

Civil NO : 04-246T

COMPLAINT FOR DAMAGES

JURY TRIAL DEMANDED

AN AMENDED COMPLAINT FOR DAMAGES PURSUANT TO 28 U.S.C. §1331 AND BIVENS v. SIX UNKNOWN NAMED AGENTS, 403 U.S. 388 (1971)

This is a complaint for damages pursuant to 28 U.S.C. §1331 and under Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, pertaining to plaintiff's exposure to Carbon-Monoxide poisoning and the deliberate indifference in the treating the plaintiff after the exposure, in direct violation of the Fifth and Eight Amendment of the United States Constitution. The plaintiff in the above captioned case is seeking individual personal complaint and an appointment of counsel, as plaintiff is not learned in law.

## JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. §1331, which states: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

## VENUE

The Defendents in this case are located in the district of Rhode Island, and the violations of the Plaintiff's rights took place in the state of Rhode Island, therefore this Court has venue to preside over this case.

## PRELIMINARY STATEMENT

Dennis Rowe, hereinafter "Plaintiff" is seeking damages in this case for the cruel and unusual treatment he received at the Donald W. Wyatt Detention Facility located in Central Falls, Rhode, for being exposed to high levels of Carbon-Monoxide gases while working in the Donald W. Wyatt Facility' kitchen, and thereafter being inproperly treated and continuing to suffer physical, mental and emotional injuries to the present day because of the deliberate indifference of staff members at Donald W.Wyatt Facility on August 7, 2001 and August 8, 2001 and dates thereafter. Plaintiff has not exhausted Administrative Remedies in this matter as the United States Bureau of Prisons Administrative Remedy Program did not apply to the Wyatt Detention Facility where he was housed at the time of injury.

## PARTIES

Plaintiff, DENNIS ROWE, Register No. 13649-014 is a federal prisoner currently confined at the U.S. federal Correctional Complex Medium In Coleman, Florida, PO. Box 1032, Coleman, FL 33521. At times relevant to this complaint, Plaintiff ROWE was housed at the Wyatt Detention Facility in

Central Falls, Rhode Island.

Defendant Cornell Companies, Inc. a.k.a Cornell Corrections, Inc., is the private owner of Donald W.Wyatt Facility in Central Falls Rhode Island and was ultimately responsible for plaintiff's exposure to the toxic level of Carbon-Monoxide poisoning.

Defendant, Warden, John Doe, supervisor of Donald W.Wyatt Detention Facility during time relevant to this complaint and was responsible for the care, supervision and safety of the inmates under his authority.

Defendant, Thomas Jenkins, is one of the staff members at the Cornell Companies who contracts the Donald W.Wyatt Facility to the U.S. Justice Department where inmates are to have a safe environment. He failed administratively to monitor the implementation of safety regulations.

Defendant, Louis Lun, is a supervisor at Donald W.Wyatt Detention facility as a culinary Supervisor. He is responsible for supervising inmates assigned to the culinary for work detail. He is also responsible for the care and custody, safety of inmates.

All the known and unknown defendants in this case are being sued on both their official and individual capacity.

1] On August 7, 2001, while working in the kitchen of the Donald W. Wyatt Detentions Facility ("Wyatt"), plaintiff complained to his supervisor Louse(LUN) of his (Plaintiff) feeling dizzy, lightheaded and nauseous. The supervisor did not respond to his complaint and just "brushed it off" and did

nothing to follow-up on plaintiff's complaint.

2.] On August 8, 2001, Plaintiff again went to work in the kitchen at Wyatt, and at approximately 6.30 am., Plaintiff complained to the foreman about feeling lightheaded, dizzy, and nauseous.

3.] Plaintiff was sent to the Wyatt Detention Facility's Medical Department and was given a Tylenol/Advil and ordered to report back to work, which he did while he was ill.

4.] Plaintiff returned to the kitchen at approximately 7:00 a.m and again started feeling dizzy, lightheaded, and naueous.

5.] At approximately 7:05 a,m., another inmate Miguel Rodriquez was found laying unconscious in the Wyatt kitchen's bathroom.

6.] Paramedics were called to the institution and Miguel Rodriquez was taken to the hospital.

7.] Plaintiff and several other inmates were then locked in the hospital, which is adjacent to the kitchen.

8.] Thereafter a fire truck/firemen arrived and began testing the area with instruments. The firefighters told the officers that Plaintiff and other inmates could not stay in that locations (the hospital area).

9.] Plaintiff was suffering with excruciating pain in his head (pressure on the brain) and plaintiff began vomiting and witnessed other inmates vomiting. Plaintiff was crying because the pain was unbearable and also witnessed other inmates crying.

10.] Correctional officer John Doe then accused Plaintiff

and other inmates of smoking marijuana and drinking hooch (homemade liquor) and stated that if the plaintiff and the other inmates would admit to smoking marijuana and drinking, that he would not bring disciplinary charges against plaintiff and the other inmates.

11.] When the firemen tested the library area where plaintiff and other inmates were being held, the firemen told the officers that we could not stay in the library either, and we were subsequently transferred to the Receiving and Discharge (R&D) Area, along with inmates from the kitchen, laundry room and libray areas.

12.] Correctional officer John Doe then apologized to pliantiff about accusing him of smoking marijuana and/or drinking; and informed plaintiff and other inmates that he (plaintiff) was exposed to Carbon-Monoxide and that Plaintiff and other inmates would be taken to the hospital shortly.

13.] At approximately 3:30 P.M. on August 8, 2001, the paramedics gave plaintiff oxygen. Thirty-three hours lapsed before oxygen was administered in an attempted to lower the Carbon-Monoxide level that was consumed by plaintiff and other inmates. In addition, at this time officers began cuffing inmates so that they could be taken to the hospital.

14.] Plaintiff was taken to the hospital in Rhode Island at approximately 5:00 p.m.

15.] When plaintiff arrived at the hospital, blood was drawn and I.V. was administered. The quantity of Oxygen that was administered gave a false reading of the Plaintiff's level

of exposure to Carbon Monoxide.

16.] Plaintiff was given food for the first time at approximately 9:00 p.m.

17.] Plaintiff's feet were shacked to the bed and his hands were handcuffed too tight to a black box.

18.] Plaintiff complained to the Correctional officers who were supervising him, that the cuffs on his hands were too tight and asked the officers could they please loosen the handcuffs a little bit because the blood circulation was not flowing properly, and the officers told plaintiff that they "couldn't do anything about it."

19.] Plaintiff could not sleep at all under these condit- ions and was forced to lay wake all night in pain.

20.] The following day, August 9, 2001 at approximately 5: a.m., Plaintiff and other inmates were returned to Wyatt Detention Facility.

21.] Plaintiff overheard the doctors at the hospital tell the officers that plaintiff and the other inmates should have follow-up treatment.

22.] Plaintiff continues to have complications with his breading, chest pains, lightheadedness, dizzy spells, lack of coordination, weakness and unconsciousness. Plaintiff was given an esthma pump, and plaintiff has never has asthma in his life before the exposure of high levels of Carbon-Monoxide.

23.] Wyatt Detention Facility subsequently installed Carbon-Monoxide detectors and the Carbon Monoxide alarms constantly rang thereafter

24.] Approximately six (6) weeks after the initial incident of August 7, 2001, Plaintiff fell unconscious in the kitchen at Wyatt Detention Facility sustaining injuries to his head and back.

25.] To the present day plaintiff suffers sxtreme physical pain and suffering sustained from high level of Carbon-Monoxide poising including but not limited to, terrible headaches, sudden flashes of pain in his temple and areas, memory problems, loss of balance when walking, feeling as if he's walking side-ways, paines in his eyes, dizzy feelings when he stands up, blood pressure regularly goes up, breathing difficulties, pains in his joints, and other psychological problems.

26.] Plaintiff has sought follow-up treatment for his exposure to Carbon Monoxide poising and constantly denied by medical staff of the U.S. Bureau of Prison's Correctional Institutions and Cornell Companies' Donald W. Wyatt Detention Center who in evaluating plaintiff for CO poisoning failed to consider several factors. They failed to examine for evidence of thermal injury or the presence of other gas inhalation. plaintiff was told by prison madeical staffs that his ailments are not from the exposure to CO poising. As such, Plaintiff continues to suffer, even at the hands of U.S. Bureau of prison's medical staffs.

CLAIMS FOR RELIEF

1.] Defendant Cornell companies Inc.,a.k.a. corrections Inc., Donald W.Wyatt Correctional Facility violated plaintiff's Eight Amendment right to not be subjects to cruel and unusaul punishment when they built, owned, and operated the Wyatt Detention Facility to provide services for the U.S. Justice Department'a Marshals Services without proper ventilation and/or Carbon Monoxide detectors in the kitchen, thereby subjected Plaintiff to negligently high level(s) of Carbon-Monoxide (CO) that has resulted into poisoning Plaintiff's human system on several occasions.

Defendant, Cornell Companies,Inc., a.k.a. Cornell Correctional Facility, and Donald W.Wyatt Detention Center was acting under the color of federal law when the violations of plaintiff's right occurred. Defendant Cornell Companies, Inc. is being sued in its joint, individual and official capacity.

2.] Defendant, U.S. Government Department of Justice, Marshals services, whom contracted Cornell Companies, Inc. and approved John Doe Warden to supervise and manage Donald W. Wyatt Detention Facility. Defendant John Doe, Warden of Wyatt Detention Facility violated plaintiff's Fifth Amendment right to Due Process when he failed to properly maintain safety regulation, direct medical staff to provide proper medical treatment and follow-up treatment to plaintiff after he was exposed to high toxic levels of carbon Monoxide gases causing poisoning to the human system and to properly driect correctional officers in medical emergencies procedures. Defendant, U.S. Government, Dept. of

Justice is being sued in its joint, individual and official capacity.

3.] Defendant, John Doe, Warden of Wyatt Detention Facility violated plaintiff's Fifth Amendment right to Due Process when he failed to properly maintain safety regulation, direct medical staff to give proper medical treatment and follow-up treatment to Plaintiff after he was exposed to Carbon Monoxide gases [Poisoning] and properly direct correctional officers in medical emergencies procedures. Defendant, U.S. Marshals Services is being sued in its joint, individual and offical capacity.

4.] Defendant, John Doe, Warden of Wyatt Detention Facility violated Plaintiff's Eight Amendment right to not be subject to cruel and unusual punishment when Defendant John Doe negligence caused Plaintiff to be sxposed to Carbon-Monoxide poisoning while under the care and supervision of the Defendant and also acted with deliberate indifference, in violation of the Eight Amendment of the U.S. Constitution when he, John Doe (Warden) failed to give Plaintiff any follow-up treatment for his exposure to CO after Plaintiff filed numerous requests to the defendant (Warden) and his medical staff. Defendant John Doe was acting under the color of federal law when the violations of plaintiff's Right Amendment rights occurred. Defendant John Doe is being sued in his joint, individual and official capacity.

5.] Defendant, Louis Lun, Plaintiff's immediate supervisor in charge of the Kitchen of the Donald W.Wyatt Detention Facility, was acting under the color of federal law when he intentionally and with callous disregard for Plaintiff's medical needs, and

causing Plaintiff to suffer in violation of plaintiff's Eight Amendment rights. Defendant louis Lun is being sued in his individual and official capacity.

PRAYER FOR RELIEF

1.] That the Court awards compensatory and punitive damages pursuant to Bivens & §1983 for what Plaintiff alleges were violations of his Eight and Fifth Amendments rights resulting from individual defendants "deliberate indifference" to Plaintiff's health and safety.

2.] That the Court awards damages in the amount of $3,000, 000.00 (Three Million Dollars)

3.] That the Court grant such other relief to plaintiff as it deems appropriate.

/s/ Dennis Rowe
Dennis Rowe, Plaintiff pro se
Federal Correctional Complex
Post Office Box 1032
Coleman, Florida 33521
Registered No. 13649-014

Dated: February ~~10~~ 27, 2005

ORDER

The foregoing motion is hereby ORDERED ____________________

____________________

Date this _____day of

_______, 2005