UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

DENNIS ROWE,
Plaintiff

VS. C. A. No. 04-246 T

UNITED STATES MARSHALS
SERVICE, et al,
Defendants

**DEFENDANT CORNELL COMPANIES, INC.'S MOTION FOR ENLARGEMENT OF TIME TO FILE A MEMORANDUM OF LAW IN SUPPORT OF ITS OBJECTION TO PLAINTIFF'S REQUEST FOR DEFAULT**

Defendant, Cornell Companies, Inc. ("Cornell"), hereby moves pursuant to Fed.R.Civ.P. 6(b) for enlargement of time to file a memorandum of law in support of its Objection to Plaintiff's Request for Default. As grounds, defendant states that its counsel are in need of a brief period of additional time to contact an officer of Cornell to obtain his signature on his Affidavit, to be attached to the Memorandum.

The plaintiff, Dennis Rowe, originally filed his complaint in this action in June of 2004. On September 6, 2005, this Court issued an Order to Show Cause in writing the reasons for the plaintiff's failure to effect service of process upon the defendants. That same day, the plaintiff filed a Motion for Entry of Default and supporting Affidavits and Exhibits with the Court. In those Affidavits, the plaintiff represented that he effected service of process upon the defendants, but the plaintiff failed to attach the contents of the mailings sent to the defendants. On September 16, 2005, the plaintiff filed a Response to the Order to Show Cause, making the same representations concerning service of process upon the defendants, and attaching the same Affidavits and Exhibits as those attached to his Motion for Entry of Default.

Cornell has engaged in an extensive investigation to locate the multiple mailings sent by the plaintiff, which demonstrates that the plaintiff did not effect service of process in accordance with the applicable rules of Court. An Affidavit detailing the contents of the mailings directed to the defendants has been prepared but remains unexecuted. The signatory of the Affidavit is located in Houston, Texas at Cornell's corporate headquarters. However, counsel has been unable to contact that person and obtain his signature, presumably due to Hurricane Rita and the associated evacuation of the Houston area. The Defendant and its counsel therefore are in need of additional time to locate the signatory and to obtain his signature on the Affidavit supporting the Memorandum.

There can be no prejudice to the plaintiff in permitting the defendant a brief period of additional time to file the Memorandum. More than a year has passed since the plaintiff originally filed his complaint, and the plaintiff did not make an attempt to effect service of process upon any defendant until more than eight months thereafter. Fifteen months after the filing of the complaint, the plaintiff still has failed to effect service of process upon the defendants. In comparison, a brief period of thirty (30) days additional time for the defendant to file its Memorandum is minimal and not prejudicial. Accordingly, the defendant Cornell should be permitted an additional thirty (30) days from the filing of this motion to file its Memorandum of Law in support of its Objection to Plaintiff's Request for Default.

WHEREFORE, the period of time within which defendants must file its Memorandum of Law in support of its Objection to Plaintiff's Request for Default should be extended. Defendants

should be permitted to and including **October 24, 2005** to file its Memorandum of Law in support of its Objection to Plaintiff's Request for Default.

CORNELL COMPANIES, INC.
By its Attorneys,

Dennis T. Grieco II #5057
GIDLEY, SARLI & MARUSAK, LLP
One Turks Head Place, Suite 900
Providence, RI 02903
(401) 274-6644
(401) 331-9304 (FAX)

TO: Dennis Rowe, #13649-014
Federal Correctional Complex - Medium
P.O. Box 1032
Coleman, FL 33521

I hereby certify that on the 23rd day of September, 2005, I mailed a true copy of the within to plaintiff, *pro se* at the above address.