UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

DENNIS ROWE,
Plaintiff

VS. C. A. No. 04-246 T

UNITED STATES MARSHALS
SERVICE, et al,
Defendants

**DEFENDANT, CORNELL COMPANIES, INC.'S**
**MOTION TO DISMISS THE PLAINTIFF'S COMPLAINT**
**FOR UNTIMELY SERVICE OF PROCESS**

Defendant, Cornell Companies, Inc. ("Cornell"), through its undersigned counsel by special appearance, reserving all defenses and objections to plaintiff's action, including but not limited to lack of service of process, improper process and/or lack of personal jurisdiction, hereby requests pursuant to Fed. R. Civ. P. 12(b)(2), (4), and (5) that the plaintiff's complaint in the above-entitled action be dismissed. As grounds, Cornell relies upon and incorporates by reference the supporting memorandum of law filed herewith.

WHEREFORE, the present action should be dismissed.

CORNELL COMPANIES, INC.
By its Attorneys,

Dennis T. Grieco II #5057
Gidley, Sarli & Marusak, LLP
One Turks Head Place, Suite 900
Providence, RI 02903
(401) 274-6644
(401) 331-9304 (FAX)

TO: Dennis Rowe, #13649-014
Federal Correctional Complex - Medium
P.O. Box 1032
Coleman, FL 33521

I hereby certify that on the 29th day of September, 2005, I mailed a true copy of the within to plaintiff, *pro se* at the above address.

[signature]

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

DENNIS ROWE,
Plaintiff

VS. C. A. No. 04-246 T

UNITED STATES MARSHALS
SERVICE, et al,
Defendants

**MEMORANDUM OF LAW IN SUPPORT OF CORNELL COMPANIES, INC.'S OBJECTION TO PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT AND MOTION TO DISMISS THE COMPLAINT FOR UNTIMELY SERVICE OF PROCESS**

Defendant Cornell Companies, Inc. ("Cornell"), through its undersigned counsel, reserving all defenses and objections to plaintiff's action, including but not limited to lack of service of process, improper process and/or lack of personal jurisdiction, hereby objects to plaintiff's request for entry of default in the above-captioned matter and moves pursuant to Fed.R.Civ.P. 12(b)(2), (4), and (5) that plaintiff's complaint be dismissed. This court has no jurisdiction over defendant Cornell or any of the other named defendants, as the plaintiff has never properly effected service of process against any defendant. Any default would thus be void, and as such the plaintiff's request should be denied. Furthermore, the plaintiff has failed to perfect service of process upon Cornell or any other named defendant within 120 days after the plaintiff was ordered to do so by this Court. The present action should therefore be dismissed for untimely service of process.

## BACKGROUND

The plaintiff, Dennis Rowe, originally filed his complaint in this action in June of 2004. (Plaintiff's Complaint at 1 (stamped received for filing on 6/21/04).) The matter was dismissed without prejudice on August 10, 2004 (Order of Dismissal, 8/9/04) and re-opened

on December 3, 2004 (Order Granting Motion to Vacate, 12/2/04). On December 13, 2004 this Court ordered plaintiff to effect service of process on the remaining named defendants pursuant to Fed.R.Civ.P. 4. (Order of Judge Hagopian at ¶ 3, 12/13/04.)

The plaintiff filed an Amended Complaint dated February 10, 2005 in which he alleges that he was incarcerated at the Donald W. Wyatt Detention Facility in Central Falls, Rhode Island at the time relevant to the complaint. (Amended Complaint at 2-3.) The Amended Complaint identifies Cornell, Thomas Jenkins, Louis Lun, and two unidentified individuals ("Warden John Doe; John Doe Correctional Officer") as defendants to the action. Id. at 1. Plaintiff erroneously contends that he effected service of process on these defendants and has requested entry of default. (Plaintiff's Request for Entry of Default, 8/30/05).

The plaintiff's request for entry of default indicates that the plaintiff attempted to effect service of process on each defendant by certified mail on February 7, 2005 and on July 27, 2005. (Affidavit for Entry of Default at ¶ 2, 8/30/05). The certified mail receipts attached to Plaintiff's Affidavit for Entry of Default as Exhibits A and B indicate that these mailings were sent on February 28, 2005 and on July 23-25, 2005. (Affidavit for Entry of Default at 4-6, 8/30/05). Plaintiff contends in that affidavit that he sent a copy of the complaint and summons to each defendant by certified mail, (Affidavit for Entry of Default at ¶ 2, 8/30/05), but in truth he did not.

The certified mail receipts attached to Plaintiff's Affidavit for Entry of Default indicate that some attempt at service on defendant Cornell was mailed to Cornell's corporate counsel located at 3400 Chase Tower, 600 Travis, Houston, Texas. Id. at 4, 5. Cornell's corporate counsel, Locke Liddell & Sapp LLP, was and is not Cornell's registered agent and

was not otherwise authorized to accept service of process on behalf of Cornell. (Exhibit A, Affidavit of Patrick Perrin ¶ 4.)

The certified mail receipts also indicate that some attempt at service on defendant Thomas Jenkins was mailed to Cornell Companies at 1700 West Loop South, Suite 1500, Houston, Texas. (Affidavit for Entry of Default at 4-6, 8/30/05.) Thomas Jenkins was Cornell's Chief Operating Officer until March 31, 2005 but is no longer associated with the company. (Exhibit A, Affidavit of Patrick Perrin ¶ 5.) Furthermore, Cornell was not and is not authorized to accept service of process on behalf of Thomas Jenkins. Id. at ¶ 7. The mailing sent to defendant Thomas Jenkins at Cornell Companies, 1700 West Loop South, Suite 1500, Houston, Texas and mailed on February 28, 2005 contained only a letter requesting that service be waived, a civil action cover sheet, an Amended Complaint, and a Waiver of Service form, but did not contain a summons. (Exhibit A, Affidavit of Patrick Perrin ¶ 8; Exhibit A-1). The process mailed to defendant Thomas Jenkins at Cornell Companies, 1700 West Loop South, Suite 1500, Houston, Texas on July 23, 2005 contained an Amended Complaint, a Summons directed to Thomas Jenkins, and a Waiver of Service form. (Exhibit A, Affidavit of Patrick Perrin ¶ 9; Exhibit A-2).

The certified mail receipts further indicate that some attempt at service of process on named defendant Louis Lun was mailed to the Donald W. Wyatt Detention Center ("DWDC") at 950 High Street, Central Falls, Rhode Island. (Affidavit for Entry of Default at 4-6, 8/30/05.) Louis Lun is an unknown entity and was not detained, employed, or otherwise associated with DWDC. (Exhibit A, Affidavit of Patrick Perrin ¶ 10.)

Finally, the certified mail receipts indicate that Plaintiff mailed process to the two unidentified defendants Warden John Doe and John Doe Correctional Officer at DWDC at 950 High Street, Central Falls, Rhode Island. (Affidavit for Entry of Default at 4-6, 8/30/05.)

## ARGUMENT

The plaintiff's request for entry of default should be denied. The plaintiff failed to effect service of process upon Cornell Companies, Inc. and upon any of the other defendants pursuant to Fed.R.Civ.P. 4. As a result, the Court has no jurisdiction over Cornell Companies, Inc. or the other named defendants, and any default entered against them would be void.

Furthermore, the present action should be dismissed. The plaintiff failed to effect service of process upon the defendants within the time period prescribed by Fed.R.Civ.P. 4(m).

### I. STANDARD FOR SERVICE OF PROCESS

Rule 4(h) of the Federal Rules of Civil Procedure governs service of process upon corporations such as Cornell Companies, Inc. ("Cornell") and provides for delivery of a summons directed to the corporation and a copy of the complaint "to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process," Fed.R.Civ.P. 4(a) and (h)(1), or by leaving a copy of the summons and complaint at an office of the corporation with a person employed therein, R.I.Super.R.Civ.P. 4(e)(3) (as made applicable to Federal actions by Fed.R.Civ.P. 4(h)(1) and 4(e)(1)). Service of process upon foreign corporations can also be effected by mailing a summons directed to the corporation and a copy of the complaint to the corporation or to an officer of the

corporation at the corporation's business address by registered mail, return receipt requested. (R.I.Super.R.Civ.P. 4(a) and (f)(2) (as made applicable to Federal actions by Fed.R.Civ.P. 4(h)(1) and 4(e)(1)).

Rule 4(e) of the Federal Rules of Civil Procedure governs service of process upon individuals and provides for delivery of a summons directed to the individual and a copy of the complaint "to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode . . . or . . . to an agent authorized by appointment or by law to receive service of process." Fed.R.Civ.P. 4(a) and (e)(2). Service of process may be made upon an individual outside the state by personal delivery or by mailing a summons directed to the individual and a copy of the complaint to the individual by certified mail, return receipt requested. (R.I.Super.R.Civ.P. 4(a) and (f)(1) (as made applicable to Federal actions by Fed.R.Civ.P. 4(e)(1)). Presumably, Thomas Jenkins is the only individual defendant located outside the state, as process directed to defendants Louis Lun, Warden John Doe, and John Doe Correctional Officer was mailed by the plaintiff to the Donald W. Wyatt Detention Center at 950 High Street, Central Falls, Rhode Island. (Affidavit for Entry of Default at 4-6, 8/30/05.)

## II. ENTRY OF DEFAULT IN THIS CASE IS IMPROPER BECAUSE THE PLAINTIFF FAILED TO EFFECT SERVICE OF PROCESS ON THE DEFENDANTS

No default or default judgment may be entered against Cornell or any other defendant, because the plaintiff failed to effect service of process upon any defendant.

"It is axiomatic that service of process must be effective under the Federal Rules of Civil Procedure before a default or a default judgment may be entered against a defendant." Maryland State Firemen's Association v. Chaves, 166 F.R.D. 353, 354 (D. Md. 1996). See

also United States v. Nuttall, 122 F.R.D. 163, 165-66 (Del. 1988) (holding that default and default judgment are void and must be vacated where service of process was invalid). If a plaintiff fails to perfect service of process on a defendant, the Court has no jurisdiction over that defendant. Brooks v. Richardson, 478 F. Supp. 793, 795 (S.D.N.Y. 1979).

Service of process on corporate defendants must be accomplished by delivery of a summons and complaint to an officer, managing or general agent or other agent authorized to accept service of process, by appointment or by law, Fed.R.Civ.P 4(h), or by leaving a copy of the summons and complaint at an office of the corporation with a person employed therein, R.I.Super.R.Civ.P. 4(e)(3) (as made applicable to Federal actions by Fed.R.Civ.P. 4(h)(1) and 4(e)(1)). Service of process upon foreign corporations can be effected by delivery, or by mailing a copy of the summons and complaint to an officer or agent of the corporation or to the corporation at the corporation's business address. (R.I.Super.R.Civ.P. 4(f)(2) (as made applicable to Federal actions by Fed.R.Civ.P. 4(h)(1) and 4(e)(1)).

Service of process upon individual defendants must be accomplished by delivery of a summons and complaint to them personally, or to an agent authorized to accept service of process on their behalf or by leaving copies thereof at the individual's home. Fed.R.Civ.P 4(e). Service of process may be made upon an individual outside the state by personal delivery or by mailing of a copy of the summons and complaint to the individual. (R.I.Super.R.Civ.P. 4(f)(1) (as made applicable to Federal actions by Fed.R.Civ.P. 4(e)(1)).

In the present action, service was apparently mailed to Cornell's corporate counsel located at 3400 Chase Tower, 600 Travis, Houston, Texas. (Affidavit for Entry of Default at 4, 5.) Cornell's corporate counsel, Locke Liddell & Sapp LLP ("LLS"), is neither an officer nor a managing or general agent of Cornell. (Exhibit A, Affidavit of Patrick Perrin ¶ 3.)

LLS is likewise not an agent authorized to receive service of process on behalf of Cornell. Id. at ¶ 4. The plaintiff has not shown that LLS was an agent of Cornell for service; the plaintiff's service on Cornell was therefore deficient. Wilson v. Prudential Financial, 332 F. Supp. 2d 83, 88-89 (D. D.C. 2004) (citing U.S. v. Ziegler Bolt and Parts Co., 111 F.3d 878, 881 (Fed.Cir.1997) (holding that "even where an attorney exercises broad powers to represent a client in litigation, these powers of representation alone do not create a specific authority to receive service"); J. and L. Parking Corp. v. U.S., 834 F. Supp. 99, 102 (S.D.N.Y.1993) (noting that "[t]his court has specifically stated that an attorney does not become a client's agent for service of process simply because she represented the client in an earlier action"); McLaughlin v. Fidelity Sec. Life Ins., 667 A.2d 105, 106 (D.C. 1995) (holding that an attempted service on the party's counsel was insufficient without proof of the counsel's actual authority to receive service)). Thus, service upon LLS was not effective service as to Cornell.

Similarly, plaintiff's mailing of process to Thomas Jenkins at 1700 West Loop South, Suite 1500, Houston, Texas (Affidavit for Entry of Default, at 4-6) was not in compliance with the rule regarding service of process on corporations. With regard to the plaintiff's first mailing directed to Thomas Jenkins, the process itself was deficient. This mailing, dated February 27, 2005, contained an Amended Complaint and a Request for Waiver of Service but did not contain a summons directed to anyone. (Exhibit A, Affidavit of Patrick Perrin ¶ 8; Exhibit A-1.) The contents of this mailing thus did not comport with the rules governing service of process and, therefore, did not effect service on any defendant. Instead, it was merely an attempt by Plaintiff to request that Mr. Jenkins waive service of process pursuant to Fed.R.Civ.P. 4(d). Such a request does not amount to good and valid service.

At the time of the plaintiff's second, July 23, 2005 mailing to Thomas Jenkins, which contained a summons directed to Mr. Jenkins, Mr. Jenkins was no longer an officer, employee or agent of Cornell. (Exhibit A, Affidavit of Patrick Perrin ¶ 6.) Service of process upon Mr. Jenkins therefore was ineffective as to Cornell. See Walsh v. National Seating Co., Inc., 411 F. Supp. 564, 571 n. 6 (D. Mass. 1976) (noting that service of process upon a corporation's ex-employee was ineffective because the ex-employee was not a valid agent for service of process upon the corporation). Moreover, the contents of this second mailing were deficient as to Cornell, as the summons was directed to Thomas Jenkins and not to Cornell Companies, Inc. (Exhibit A, Affidavit of Patrick Perrin ¶ 9; Exhibit A-2). For these reasons, no service of process has ever been effected upon Cornell. As a result the Court has no jurisdiction over Cornell, and entry of default against Cornell is improper.

Furthermore, the plaintiff has failed to effect service of process upon any of the other named defendants. The Court has no jurisdiction over Thomas Jenkins, because no service of process was effected upon him pursuant to the rules governing service of process on individuals. The process itself sent by the plaintiff on February 28, 2005 was deficient, as it did not contain a summons as required by both the Federal Rules and Rhode Island Rules. (Exhibit A, Affidavit of Patrick Perrin ¶ 8; Exhibit A-1). With regard to the second mailing dated July 23, 2005, Mr. Jenkins was no longer located at the Cornell offices at that time and could not have received the mail in the first instance. (Exhibit A, Affidavit of Patrick Perrin ¶ 6.) Furthermore, neither the Federal Rules nor the Rhode Island Rules permit service of process to be made by mail at one's place of employment. Smith v. Western Offshore, Inc., 590 F. Supp. 670, 674 (D.C. La. 1984) ("service upon an individual through a nonauthorized agent for service of process at the individual's place of business is not a proper means of

serving process under the Federal Rules of Civil Procedure"); Elkins v. Broome, 213 F.R.D. 273, 276 (M.D. N.C. 2003) ("service of process cannot be effected upon Defendant by serving at his place of employment individuals who are not authorized to accept service of process"); R.I.Super.R.Civ.P. 4(e)(1) and 4(f)(1) (as made applicable to Federal actions by Fed.R.Civ.P. 4(e)(1)). Thus, even if Thomas Jenkins were located at the Cornell offices at the time of the mailing, the plaintiff still failed to perfect service as to him. Therefore this Court should not enter a default as to Thomas Jenkins.

The same analysis applies to the named defendant Louis Lun. Service was apparently directed to this defendant and mailed to the Donald W. Wyatt Detention Center ("DWDC") at 950 High Street, Central Falls, Rhode Island. (Affidavit for Entry of Default at 4-6.) No person by that name is or was associated with DWDC. (Exhibit A, Affidavit of Patrick Perrin ¶ 10.) Thus, any such defendant has not been properly served with process under Rule 4(e). Furthermore, misnomer of party does not act to substitute the correct defendant for the incorrect one. Daca, Inc. v. Commonwealth Land Title Insurance Co., 822 S.W.2d 360, 363 (Texas App. Ct. 1993); see also Lewis v. West Side Trust and Savings Bank, 36 N.E.2d 573, 574-75 (Ill. 1941) (a plaintiff cannot give the court jurisdiction over the person by having service of a summons and complaint made upon that person when they are not named as a defendant in the complaint). Thus, the plaintiff has not properly served process on this unidentified defendant, and entry of default is improper as against him.

Regarding the final two defendants, Warden John Doe and John Doe Correctional Officer, the process itself was defective, as in each case the summons failed to identify the individual concerned. These individuals therefore cannot be sued and cannot be subject to any default judgment. Due process prevents the entry of judgment against any person

designated by a fictitious name, as a fictitious person is not a party to a suit. Bencivenga v. J. J. A. M. M., Inc., 609 A.2d 1299, 1303 (N.J. Super. 1992). "The person plaintiff identifies as a fictitious defendant only becomes a party to the suit when the defendant's true name is substituted in an amended complaint and service is effected. It is at the point of service on the true defendant that a court gains jurisdiction consonant with due process, and a person becomes a party to a suit." Id. Therefore, the two John Does purportedly served with process are not yet parties to this action and this Court has no jurisdiction to enter a default against them.

Because the plaintiff has not effected service of process upon Cornell pursuant to Rule 4(h) of the Federal Rules of Civil Procedure, entry of default against Cornell is improper in this case. Furthermore, because the plaintiff has failed to perfect service of process upon any of the above-named defendants as prescribed by Rule 4, this Court has no jurisdiction to enter default against any defendant. Accordingly, the plaintiff's request for entry of default should be denied.

## III. THE PRESENT ACTION SHOULD BE DISMISSED BECAUSE THE PLAINTIFF FAILED TO EFFECT TIMELY SERVICE OF PROCESS UPON THE DEFENDANTS

Rule 12(b) of the Federal Rules of Civil Procedure provides for dismissal of a plaintiff's claims for insufficient process, insufficient service of process and lack of jurisdiction over the person. Fed.R.Civ.P 12(b)(2), (4), (5). Rule 4(m) provides that a complaint shall be dismissed without prejudice if a plaintiff does not perfect service of process within 120 days of filing the complaint, provided that if a plaintiff can show good cause for the failure, the Court may extend the period for service. Fed.R.Civ.P 4(m). If a

plaintiff fails to perfect service of process on the defendants, the Court has no jurisdiction over those defendants. Brooks, 478 F. Supp. 793, 795.

In the present case, the plaintiff failed to perfect service of process upon any defendant within 120 days of filing the complaint. On December 13, 2004 this Court ordered plaintiff to effect service of process on the remaining named defendants pursuant to Fed.R.Civ.P. 4. (Order of Judge Hagopian at ¶ 3, 12/13/04.) More than one year has passed since the plaintiff filed his complaint and substantially more than 120 days have passed since the date of this Order, and to date the plaintiff has not perfected service of process upon defendant Cornell or any of the other defendants. See Part II, *supra*. Accordingly, this action should be dismissed for untimely service of process.

## CONCLUSION

For all of the above stated reasons, the plaintiff's request for entry of default should

be denied, and the present action should be dismissed.

CORNELL COMPANIES, INC.
By its Attorneys,

Dennis T. Grieco II #5057
Gidley, Sarli & Marusak, LLP
One Turks Head Place, Suite 900
Providence, RI 02903
(401) 274-6644
(401) 331-9304 (FAX)

TO: Dennis Rowe, #13649-014
Federal Correctional Complex - Medium
P.O. Box 1032
Coleman, FL 33521

I hereby certify that on the 29th day of September, 2005, I mailed a true copy of the within to plaintiff, *pro se* at the above address.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

DENNIS ROWE,
*Plaintiff*

vs. C.A. No. 04-246-T

UNITED STATES MARSHALS SERVICE, ET AL,
*Defendants*

**AFFIDAVIT OF PATRICK PERRIN**

I, Patrick Perrin, do hereby state and testify as follows:

1. I am Senior Vice President, Chief Administrative Officer, and Corporate Secretary of Cornell Companies, Inc.

2. Cornell Companies, Inc.'s ("Cornell") corporate counsel is Locke Liddell and Sapp LLP, located at 600 Travis, 3500 Chase Tower, Houston, Texas.

3. Locke Liddell & Sapp is neither an officer nor a managing or general agent of Cornell.

4. Locke Liddell & Sapp was not and is not a registered agent of Cornell for service of process and was not and is not otherwise authorized to accept service of process on behalf of Cornell.

5. Thomas Jenkins was Cornell's Chief Operating Officer until March 31, 2005, but is no longer associated with the company.

6. Thomas Jenkins was no longer employed by or associated with Cornell on July 23, 2005.

7. Cornell was not and is not authorized to accept service of process on behalf of Thomas Jenkins.

8. The mailing sent to defendant Thomas Jenkins at Cornell Companies, 1700 West Loop South, Suite 1500, Houston, Texas and mailed on February 28, 2005 contained only a letter requesting the service be waived, a civil action cover sheet, an Amended Complaint, and a Waiver of Service form, and did not contain a summons. The documents are attached as Exhibit A-1.

9. The process mailed to defendant Thomas Jenkins at Cornell Companies, 1700 West Loop South, Suite 1500, Houston, Texas on July 2005 contained an Amended Complaint, a Summons directed to Thomas Jenkins, and a Waiver of Service form. These documents are attached as Exhibit A-2.

10. Louis Lun is an unknown entity and is not and was not detained, employed, or otherwise associated with the Donald W. Wyatt Detention Facility.

Signed under the pains and penalties of perjury.

Patrick N. Perrin
for Cornell Companies, Inc.

Dated: September 26, 2005

EXHIBIT
tabbies
A

PCM# 1600347

TROY

3-4-05

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

DENNIS ROWE
Plaintiff, :

:

vs. : CA.NO; 04-246-T

UNITED STATES MARSHALS
SERVICE, et al :
Defendants.

To Whom It May Concern:

On December 2, 2004, the District Court entered an Order re-re-opening the above-mentioned civil action.
Enclosed please find a "Waiver of Service of Summons".
Please sign and return with self-addressed envelope.

Thank you for your assistance in this matter. Accordingly, I await your response.

Sincerely,

Dennis Rowe 2/27/05
Dennis Rowe

cc: Clerk of Court

RECEIVED
MAR 3 2005
CORNELL COMPANIES

EXHIBIT
A-1

AO 399 (12/93)

# WAIVER OF SERVICE OF SUMMONS

TO: DENNIS ROWE # 13649-014
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I acknowledge receipt of your request that I waive service of a summons in the action of DENNIS v. U.S. MARSHALS SERVICE, et al (CAPTION OF ACTION), which is case number C.A. NO. 04-246T (DOCKET NUMBER) in the United States District Court for the RHODE ISLAND District of ________. I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after 2/27/05 (DATE REQUEST WAS SENT), or within 90 days after that date if the request was sent outside the United States.

2/27/05
DATE

________________
SIGNATURE

Printed/Typed Name: ________________

As ________ (TITLE) of ________ (CORPORATE DEFENDANT)

**Duty to Avoid Unnecessary Costs of Service of Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

AO 399 (12/93)

# WAIVER OF SERVICE OF SUMMONS

TO: DENNIS ROWE # 13649-014
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I acknowledge receipt of your request that I waive service of a summons in the action of DENNIS v. U.S. MARSHALS SERVICE, et al (CAPTION OF ACTION), which is case number C.A.NO.04-246T (DOCKET NUMBER) in the United States District Court for the RHODE ISLAND District of ______________. I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after 2/27/05 (DATE REQUEST WAS SENT), or within 90 days after that date if the request was sent outside the United States.

2/27/05
DATE

______________________
SIGNATURE

Printed/Typed Name: ______________________

As ____________ (TITLE) of ____________ (CORPORATE DEFENDANT)

**Duty to Avoid Unnecessary Costs of Service of Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

JS 44 (Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

DENNIS ROWE

**DEFENDANTS**

UNITED STATES MARSHALS SERVICE et al.
Thomas Jenkins, Press., COO
CORNELL COMPANIES
1700 West Loop South, Suite 1500
Houston, TX 77027

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF ____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT Washington D.C.
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Dennis Rowe #13649-014
Federal Correctional Complex
PO. Box 1032
Coleman, FL 33521

ATTORNEYS (IF KNOWN)

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☒ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS**
PERSONAL INJURY
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury

PERSONAL INJURY
☐ 362 Personal Injury — Med. Malpractice
☐ 365 Personal Injury — Product Liability
☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/ Accommodations
☐ 444 Welfare
☒ 440 Other Civil Rights

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence
HABEAS CORPUS:
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**FORFEITURE/PENALTY**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs.
☐ 660 Occupational Safety/Health
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS — Third Party 26 USC 7609

**OTHER STATUTES**
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Information Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

28 USC § 1331 and Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971)

**VII. REQUESTED IN COMPLAINT** CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P. 23

DEMAND $ 3,000,000.00 CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

VIII. This case ☐ is not a refiling of a previously dismissed action.
☒ is a refiling of case number 04-246T, previously dismissed by Judge Jacob Hagopian U.S. magistrate Judge

DATE 2/27/05

SIGNATURE OF ATTORNEY OF RECORD Dennis Rowe

UNITED STATES DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

DENNIS ROWE, Plaintiff

v.

UNITED STATES MARSHALS SERVICE, et al.
WARDEN JOHN DOE, DONALD W. WYATT DETENTION FACILITY, THOMAS JENKINS; JOHN DOE, Correctional Officer; WYATT DETENTION FACILITY; and LOUIS LUN WYATT DETENTION FACILITY, Defendants.

Civil NO : 04-246T

COMPLAINT FOR DAMAGES
JURY TRIAL DEMANDED

AN AMENDED COMPLAINT FOR DAMAGES PURSUANT TO 28 U.S.C. §1331 AND BIVENS v. SIX UNKNOWN NAMED AGENTS, 403 U.S. 388 (1971)

This is a complaint for damages pursuant to 28 U.S.C. §1331 and under Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, pertaining to plaintiff's exposure to Carbon-Monoxide poisoning and the deliberate indifference in the treating the plaintiff after the exposure, in direct violation of the Fifth and Eight Amendment of the United States Constitution. The plaintiff in the above captioned case is seeking individual personal complaint and an appointment of counsel, as plaintiff is not learned in law.

JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. §1331, which states: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

VENUE

The Defendents in this case are located in the district of Rhode Island, and the violations of the Plaintiff's rights took place in the state of Rhode Island, therefore this Court has venue to preside over this case.

PRELIMINARY STATEMENT

Dennis Rowe, hereinafter "Plaintiff" is seeking damages in this case for the cruel and unusual treatment he received at the Donald W. Wyatt Detention Facility located in Central Falls, Rhode, for being exposed to high levels of Carbon-Monoxide gases while working in the Donald W. Wyatt Facility' kitchen, and thereafter being inproperly treated and continuing to suffer physical, mental and emotional injuries to the present day because of the deliberate indifference of staff members at Donald W.Wyatt Facility on August 7, 2001 and August 8, 2001 and dates thereafter. Plaintiff has not exhausted Administrative Remedies in this matter as the United States Bureau of Prisons.Administrative Remedy Program did not apply to the Wyatt Detention Facility where he was housed at the time of injury.

PARTIES

Plaintiff, DENNIS ROWE, Register No. 13649-014 is a federal prisoner currently confined at the U.S. federal Correctional Complex Medium In Coleman, Florida, PO. Box 1032, Coleman, FL 33521. At times relevant to this complaint, Plaintiff ROWE was housed at the Wyatt Detention Facility in

Central Falls, Rhode Island.

Defendant Cornell Companies, Inc. a.k.a Cornell Corrections, Inc., is the private owner of Donald W.Wyatt Facility in Central Falls Rhode Island and was ultimately responsible for plaintiff's exposure to the toxic level of Carbon-Monoxide poisoning.

Defendant, Warden, John Doe, supervisor of Donald W.Wyatt Detention Facility during time relevant to this complaint and was responsible for the care, supervision and safety of the inmates under his authority.

Defendant, Thomas Jenkins, is one of the staff members at the Cornell Companies who contracts the Donald W.Wyatt Facility to the U.S. Justice Department,where inmates are to have a safe environment. He failed administratively to monitor the implementation of safety regulations.

Defendant, Louis Lun, is a supervisor at Donald W.Wyatt Detention facility as a culinary Supervisor. He is responsible for supervising inmates assigned to the culinary for work detail. He is also responsible for the care and custody, safety of inmates.

All the known and unknown defendants in this case are being sued on both their official and individual capacity.

1] On August 7, 2001, while working in the kitchen of the Donald W. Wyatt Detentions Facility ("Wyatt"), plaintiff complained to his supervisor Louse(LUN) of his (Plaintiff) feeling dizzy, lightheaded and nauseaous. The supervisor did not respond to his complaint and just "brushed it off" and did

nothing to follow-up on plaintiff's complaint.

2.] On August 8, 2001, Plaintiff again went to work in the kitchen at Wyatt, and at approximately 6.30 am., Plaintiff complained to the foreman about feeling lightheaded, dizzy, and nauseous.

3.] Plaintiff was sent to the Wyatt Detention Facility's Medical Department and was given a Tylenol/Advil and ordered to report back to work, which he did while he was ill.

4.] Plaintiff returned to the kitchen at approximately 7:00 a.m and again started feeling dizzy, lightheaded, and naueous.

5.] At approximately 7:05 a,m., another inmate Miguel Rodriquez was found laying unconscious in the Wyatt kitchen's bathroom.

6.] Paramedics were called to the institution and Miguel Rodriquez was taken to the hospital.

7.] Plaintiff and several other inmates were then locked in the hospital, which is adjacent to the kitchen.

8.] Thereafter a fire truck/firemen arrived and began testing the area with instruments. The firefighters told the officers that Plaintiff and other inmates could not stay in that locations (the hospital area).

9.] Plaintiff was suffering with excruciating pain in his head (pressure on the brain) and plaintiff began vomiting and witnessed other inmates vomiting. Plaintiff was crying because the pain was unbearable and also witnessed other inmates crying.

10.] Correctional officer John Doe then accused Plaintiff

and other inmates of smoking marijuana and drinking hooch (homemade liquor) and stated that if the plaintiff and the other inmates would admit to smoking marijuana and drinking, that he would not bring disciplinary charges against plaintiff and the other inmates.

11.] When the firemen tested the library area where plaintiff and other inmates were being held, the firemen told the officers that we could not stay in the library either, and we were subsequently transferred to the Receiving and Discharge (R&D) Area, along with inmates from the kitchen, laundry room and libray areas.

12.] Correctional officer John Doe then apologized to pliantiff about accusing him of smoking marijuana and/or drinking; and informed plaintiff and other inmates that he (plaintiff) was exposed to Carbon-Monoxide and that Plaintiff and other inmates would be taken to the hospital shortly.

13.] At approximately 3:30 P.M. on August 8, 2001, the paramedics gave plaintiff oxygen. Thirty-three hours lapsed before oxygen was administered in an attempted to lower the Carbon-Monoxide level that was consumed by plaintiff and other inmates. In addition, at this time officers began cuffing inmates so that they could be taken to the hospital.

14.] Plaintiff was taken to the hospital in Rhode Island at approximately 5:00 p.m.

15.] When plaintiff arrived at the hospital, blood was drawn and I.V. was administered. The quantity of Oxygen that was administered gave a false reading of the Plaintiff's level

of exposure to Carbon Monoxide.

16.] Plaintiff was given food for the first time at approximately 9:00 p.m.

17.] Plaintiff's feet were shacked to the bed and his hands were handcuffed too tight to a black box.

18.] Plaintiff complained to the Correctional officers who were supervising him, that the cuffs on his hands were too tight and asked the officers could they please loosen the handcuffs a little bit because the blood circulation was not flowing properly, and the officers told plaintiff that they "couldn't do anything about it."

19.] Plaintiff could not sleep at all under these condit-ions and was forced to lay wake all night in pain.

20.] The following day, August 9, 2001 at approximately 5: a.m., Plaintiff and other inmates were returned to Wyatt Detention Facility.

21.] Plaintiff overheard the doctors at the hospital tell the officers that plaintiff and the other inmates should have follow-up treatment.

22.] Plaintiff continues to have complications with his breading, chest pains, lightheadedness, dizzy spells, lack of coordination, weakness and unconsciousness. Plaintiff was given an esthma pump, and plaintiff has never has asthma in his life before the exposure of high levels of Carbon-Monoxide.

23.] Wyatt Detention Facility subsequently installed Carbon-Monoxide detectors and the Carbon Monoxide alarms constantly rang thereafter

24.] Approximately six (6) weeks after the initial incident of August 7, 2001, Plaintiff fell unconscious in the kitchen at Wyatt Detention Facility sustaining injuries to his head and back.

25.] To the present day plaintiff suffers sxtreme physical pain and suffering sustained from high level of Carbon-Monoxide poising including but not limited to, terrible headaches, sudden flashes of pain in his temple and areas, memory problems, loss of balance when walking, feeling as if he's walking side-ways, paines in his eyes, dizzy feelings when he stands up, blood pressure regularly goes up, breathing difficulties, pains in his joints, and other psychological problems.

26.] Plaintiff has sought follow-up treatment for his exposure to Carbon Monoxide poising and constantly denied by medical staff of the U.S. Bureau of Prison's Correctional Institutions and Cornell Companies' Donald W. Wyatt Detention Center who in evaluating plaintiff for CO poisoning failed to consider several factors. They failed to examine for evidence of thermal injury or the presence of other gas inhalation. plaintiff was told by prison madeical staffs that his ailments are not from the exposure to CO poising. As such, Plaintiff continues to suffer, even at the hands of U.S. Bureau of prison's medical staffs.

CLAIMS FOR RELIEF

1.] Defendant Cornell companies Inc.,a.k.a. corrections Inc., Donald W.Wyatt Correctional Facility violated plaintiff's Eight Amendment right to not be subjects to cruel and unusaul punishment when they built, owned, and operated the Wyatt Detention Facility to provide services for the U.S. Justice Department's Marshals Services without proper ventilation and/or Carbon Monoxide detectors in the kitchen; thereby subjected Plaintiff to negligently high level(s) of Carbon-Monoxide (CO) that has resulted into poisoning Plaintiff's human system on several occasions.

Defendant, Cornell Companies,Inc., a.k.a. Cornell Correctional Facility, and Donald W.Wyatt Detention Center was acting under the color of federal law when the violations of plaintiff's right occurred. Defendant Cornell Companies, Inc. is being sued in its joint, individual and official capacity.

2.] Defendant, U.S. Government Department of Justice, Marshals services, whom contracted Cornell Companies, Inc. and approved John Doe Warden to supervise and manage Donald W. Wyatt Detention Facility. Defendant John Doe, Warden of Wyatt Detention Facility violated plaintiff's Fifth Amendment right to Due Process when he failed to properly maintain safety regulation, direct medical staff to provide proper medical treatment and follow-up treatment to plaintiff after he was exposed to high toxic levels of carbon Monoxide gases causing poisoning to the human system and to properly driect correctional officers in medical emergencies procedures. Defendant, U.S. Government, Dept. of

Justice is being sued in its joint, individual and official capacity.

3.] Defendant, John Doe, Warden of Wyatt Detention Facility violated plaintiff's Fifth Amendment right to Due Process when he failed to properly maintain safety regulation, direct medical staff to give proper medical treatment and follow-up treatment to Plaintiff after he was exposed to Carbon Monoxide gases [Poisoning] and properly direct correctional officers in medical emergencies procedures. Defendant, U.S. Marshals Services is being sued in its joint, individual and offical capacity.

4.] Defendant, John Doe, Warden of Wyatt Detention Facility violated Plaintiff's Eight Amendment right to not be subject to cruel and unusual punishment when Defendant John Doe negligence caused Plaintiff to be sxposed to Carbon-Monoxide poisoning while under the care and supervision of the Defendant and also acted with deliberate indifference, in violation of the Eight Amendment of the U.S. Constitution when he, John Doe (Warden) failed to give Plaintiff any follow-up treatment for his exposure to CO after Plaintiff filed numerous requests to the defendant (Warden) and his medical staff. Defendant John Doe was acting under the color of federal law when the violations of plaintiff's Right Amendment rights occurred. Defendant John Doe is being sued in his joint, individual and official capacity.

5.] Defendant, Louis Lun, Plaintiff's immediate supervisor, in charge of the Kitchen of the Donald W.Wyatt Detention Facility, was acting under the color of federal law when he intentionally and with callous disregard for Plaintiff's medical needs, and

causing Plaintiff to suffer in violation of plaintiff's Eight Amendment rights. Defendant louis Lun is being sued in his individual and official capacity.

PRAYER FOR RELIEF

1.] That the Court awards compensatory and punitive damages pursuant to Bivens & §1983 for what Plaintiff alleges were violations of his Eight and Fifth Amendments rights resulting from individual defendants "deliberate indifference" to Plaintiff's health and safety.

2.] That the Court awards damages in the amount of $3,000,000.00 (Three Million Dollars)

3.] That the Court grant such other relief to plaintiff as it deems appropriate.

/s/ Dennis Rowe
Dennis Rowe, Plaintiff pro se
Federal Correctional Complex
Post Office Box 1032
Coleman, Florida 33521
Registered No. 13649-014

Dated: February ~~26~~ 27, 2005

ORDER

The foregoing motion is hereby ORDERED ______________________

______________________

Date this _____ day of
________, 2005

AO 399 (12/93)

# WAIVER OF SERVICE OF SUMMONS

TO: DENNIS ROWE, REG. NO. 13649-014
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I acknowledge receipt of your request that I waive service of a summons in the action of DENNIS ROWE v. U.S. MARSHALS SERVICE, ET. AL. (CAPTION OF ACTION), which is case number C.A. NO. 246T (DOCKET NUMBER) in the United States District Court for the RHODE ISLAND District of __________. I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after 7-27-05 (DATE REQUEST WAS SENT), or within 90 days after that date if the request was sent outside the United States.

__________ DATE

__________ SIGNATURE

Printed/Typed Name: THOMAS JENKINS

As PRESIDENT & COO (TITLE) of DONALD W. WYATT DETENTION FCTY. (CORPORATE DEFENDANT)

**Duty to Avoid Unnecessary Costs of Service of Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

EXHIBIT
tabbles
A-2

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

FOR THE District of RHODE ISLAND

DENNIS ROWE

V.

THOMAS JENKINS, et.al

SUMMONS IN A CIVIL CASE

CASE NUMBER: C.A. 04-246T

TO: (Name and address of Defendant)

THOMAS JENKINS
CORNELL COMPANIES
1700WEST LOOP SOUTH
SUIT 1500
HOUSTON, TEXAS 77027

YOU ARE HEREBY SUMMONED and required to serve on PLAINTIFF'S ATTORNEY (name and address)

DENNIS ROWE, PRO SE
REG. NO. 13649-014
FEDERAL CORRECTIONAL COMPLEX-MEDIUM
P.O. BOX 1032
COLEMAN, FLORIDA 33521

an answer to the complaint which is served on you with this summons, within 30 days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

CLERK | DATE 12/14/04

(By) DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

DENNIS ROWE, Plaintiff

v.

UNITED STATES MARSHALS SERVICE, et al.
WARDEN JOHN DOE, DONALD W. WYATT DETENTION FACILITY, THOMAS JENKINS; JOHN DOE, Correctional Officer; WYATT DETENTION FACILITY; and LOUIS LUN WYATT DETENTION FACILITY, Defendants.

Civil NO : 04-246T

COMPLAINT FOR DAMAGES
JURY TRIAL DEMANDED

AN AMENDED COMPLAINT FOR DAMAGES PURSUANT TO 28 U.S.C. §1331 AND BIVENS v. SIX UNKNOWN NAMED AGENTS, 403 U.S. 388 (1971)

This is a complaint for damages pursuant to 28 U.S.C. §1331 and under Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, pertaining to plaintiff's exposure to Carbon-Monoxide poisoning and the deliberate indifference in the treating the plaintiff after the exposure, in direct violation of the Fifth and Eight Amendment of the United States Constitution. The plaintiff in the above captioned case is seeking individual personal complaint and an appointment of counsel, as plaintiff is not learned in law.

JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. §1331, which states: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

## VENUE

The Defendents in this case are located in the district of Rhode Island, and the violations of the Plaintiff's rights took place in the state of Rhode Island, therefore this Court has venue to preside over this case.

## PRELIMINARY STATEMENT

Dennis Rowe, hereinafter "Plaintiff" is seeking damages in this case for the cruel and unusual treatment he received at the Donald W. Wyatt Detention Facility located in Central Falls, Rhode, for being exposed to high levels of Carbon-Monoxide gases while working in the Donald W. Wyatt Facility' kitchen, and thereafter being inproperly treated and continuing to suffer physical, mental and emotional injuries to the present day because of the deliberate indifference of staff members at Donald W.Wyatt Facility on August 7, 2001 and August 8, 2001 and dates thereafter. Plaintiff has not exhausted Administrative Remedies in this matter as the United States Bureau of Prisons Administrative Remedy Program did not apply to the Wyatt Detention Facility where he was housed at the time of injury.

## PARTIES

Plaintiff, DENNIS ROWE, Register No. 13649-014 is a federal prisoner currently confined at the U.S. federal Correctional Complex Medium In Coleman, Florida, PO. Box 1032, Coleman, FL 33521. At times relevant to this complaint, Plaintiff ROWE was housed at the Wyatt Detention Facility in

Central Falls, Rhode Island.

Defendant Cornell Companies, Inc. a.k.a Cornell Corrections, Inc., is the private owner of Donald W.Wyatt Facility in Central Falls Rhode Island and was ultimately responsible for plaintiff's exposure to the toxic level of Carbon-Monoxide poisoning.

Defendant, Warden, John Doe, supervisor of Donald W.Wyatt Detention Facility during time relevant to this complaint and was responsible for the care, supervision and safety of the inmates under his authority.

Defendant, Thomas Jenkins, is one of the staff members at the Cornell Companies who contracts the Donald W.Wyatt Facility to the U.S. Justice Department,where inmates are to have a safe environment. He failed administratively to monitor the implementation of safety regulations.

Defendant, Louis Lun, is a supervisor at Donald W.Wyatt Detention facility as a culinary Supervisor. He is responsible for supervising inmates assigned to the culinary for work detail. He is also responsible for the care and custody, safety of inmates.

All the known and unknown defendants in this case are being sued on both their official and individual capacity.

1] On August 7, 2001, while working in the kitchen of the Donald W. Wyatt Detentions Facility ("Wyatt"), plaintiff complained to his supervisor Louse(LUN) of his (Plaintiff) feeling dizzy, lightheaded and nauseous. The supervisor did not respond to his complaint and just "brushed it off" and did

nothing to follow-up on plaintiff's complaint.

2.] On August 8, 2001, Plaintiff again went to work in the kitchen at Wyatt, and at approximately 6.30 am., Plaintiff complained to the foreman about feeling lightheaded, dizzy, and nauseous.

3.] Plaintiff was sent to the Wyatt Detention Facility's Medical Department and was given a Tylenol/Advil and ordered to report back to work, which he did while he was ill.

4.] Plaintiff returned to the kitchen at approximately 7:00 a.m and again started feeling dizzy, lightheaded, and naueous.

5.] At approximately 7:05 a,m., another inmate Miguel Rodriquez was found laying unconscious in the Wyatt kitchen's bathroom.

6.] Paramedics were called to the institution and Miguel Rodriquez was taken to the hospital.

7.] Plaintiff and several other inmates were then locked in the hospital, which is adjacent to the kitchen.

8.] Thereafter a fire truck/firemen arrived and began testing the area with instruments. The firefighters told the officers that Plaintiff and other inmates could not stay in that locations (the hospital area).

9.] Plaintiff was suffering with excruciating pain in his head (pressure on the brain) and plaintiff began vomiting and witnessed other inmates vomiting. Plaintiff was crying because the pain was unbearable and also witnessed other inmates crying.

10.] Correctional officer John Doe then accused Plaintiff

and other inmates of smoking marijuana and drinking hooch (homemade liquor) and stated that if the plaintiff and the other inmates would admit to smoking marijuana and drinking, that he would not bring disciplinary charges against plaintiff and the other inmates.

11.] When the firemen tested the library area where plaintiff and other inmates were being held, the firemen told the officers that we could not stay in the library either, and we were subsequently transferred to the Receiving and Discharge (R&D) Area, along with inmates from the kitchen, laundry room and libray areas.

12.] Correctional officer John Doe then apologized to pliantiff about accusing him of smoking marijuana and/or drinking; and informed plaintiff and other inmates that he (plaintiff) was exposed to Carbon-Monoxide and that Plaintiff and other inmates would be taken to the hospital shortly.

13.] At approximately 3:30 P.M. on August 8, 2001, the paramedics gave plaintiff oxygen. Thirty-three hours lapsed before oxygen was administered in an attempted to lower the Carbon-Monoxide level that was consumed by plaintiff and other inmates. In addition, at this time officers began cuffing inmates so that they could be taken to the hospital.

14.] Plaintiff was taken to the hospital in Rhode Island at approximately 5:00 p.m.

15.] When plaintiff arrived at the hospital, blood was drawn and I.V. was administered. The quantity of Oxygen that was administered gave a false reading of the Plaintiff's level

of exposure to Carbon Monoxide.

16.] Plaintiff was given food for the first time at approximately 9:00 p.m.

17.] Plaintiff's feet were shacked to the bed and his hands were handcuffed too tight to a black box.

18.] Plaintiff complained to the Correctional officers who were supervising him, that the cuffs on his hands were too tight and asked the officers could they please loosen the handcuffs a little bit because the blood circulation was not flowing properly, and the officers told plaintiff that they "couldn't do anything about it."

19.] Plaintiff could not sleep at all under these conditions and was forced to lay wake all night in pain.

20.] The following day, August 9, 2001 at approximately 5: a.m., Plaintiff and other inmates were returned to Wyatt Detention Facility.

21.] Plaintiff overheard the doctors at the hospital tell the officers that plaintiff and the other inmates should have follow-up treatment.

22.] Plaintiff continues to have complications with his breading, chest pains, lightheadedness, dizzy spells, lack of coordination, weakness and unconsciousness. Plaintiff was given an esthma pump, and plaintiff has never has asthma in his life before the exposure of high levels of Carbon-Monoxide.

23.] Wyatt Detention Facility subsequently installed Carbon-Monoxide detectors and the Carbon Monoxide alarms constantly rang thereafter

24.] Approximately six (6) weeks after the initial incident of August 7, 2001, Plaintiff fell unconscious in the kitchen at Wyatt Detention Facility sustaining injuries to his head and back.

25.] To the present day plaintiff suffers sxtreme physical pain and suffering sustained from high level of Carbon-Monoxide poising including but not limited to, terrible headaches, sudden flashes of pain in his temple and areas, memory problems, loss of balance when walking, feeling as if he's walking side-ways, paines in his eyes, dizzy feelings when he stands up, blood pressure regularly goes up, breathing difficulties, pains in his joints, and other psychological problems.

26.] Plaintiff has sought follow-up treatment for his exposure to Carbon Monoxide poising and constantly denied by medical staff of the U.S. Bureau of Prison's Correctional Institutions and Cornell Companies' Donald W. Wyatt Detention Center who in evaluating plaintiff for CO poisoning failed to consider several factors. They failed to examine for evidence of thermal injury or the presence of other gas inhalation. plaintiff was told by prison madeical staffs that his ailments are not from the exposure to CO poising. As such, Plaintiff continues to suffer, even at the hands of U.S. Bureau of prison's medical staffs.

Justice is being sued in its joint, individual and official capacity.

3.] Defendant, John Doe, Warden of Wyatt Detention Facility violated plaintiff's Fifth Amendment right to Due Process when he failed to properly maintain safety regulation, direct medical staff to give proper medical treatment and follow-up treatment to Plaintiff after he was exposed to Carbon Monoxide gases [Poisoning] and properly direct correctional officers in medical emergencies procedures. Defendant, U.S. Marshals Services is being sued in its joint, individual and offical capacity.

4.] Defendant, John Doe, Warden of Wyatt Detention Facility violated Plaintiff's Eight Amendment right to not be subject to cruel and unusual punishment when Defendant John Doe negligence caused Plaintiff to be sxposed to Carbon-Monoxide poisoning while under the care and supervision of the Defendant and also acted with deliberate indifference, in violation of the Eight Amendment of the U.S. Constitution when he, John Doe (Warden) failed to give Plaintiff any follow-up treatment for his exposure to CO after Plaintiff filed numerous requests to the defendant (Warden) and his medical staff. Defendant John Doe was acting under the color of federal law when the violations of plaintiff's Right Amendment rights occurred. Defendant John Doe is being sued in his joint, individual and official capacity.

5.] Defendant, Louis Lun, Plaintiff's immediate supervisor, in charge of the Kitchen of the Donald W.Wyatt Detention Facility, was acting under the color of federal law when he intentionally and with callous disregard for Plaintiff's medical needs, and

causing Plaintiff to suffer in violation of plaintiff's Eight Amendment rights. Defendant louis Lun is being sued in his individual and official capacity.

PRAYER FOR RELIEF

1.] That the Court awards compensatory and punitive damages pursuant to Bivens & §1983 for what Plaintiff alleges were violations of his Eight and Fifth Amendments rights resulting from individual defendants "deliberate indifference" to Plaintiff's health and safety.

2.] That the Court awards damages in the amount of $3,000, 000.00 (Three Million Dollars)

3.] That the Court grant such other relief to plaintiff as it deems appropriate.

/s/ Dennis Rowe
Dennis Rowe, Plaintiff pro se
Federal Correctional Complex
Post Office Box 1032
Coleman, Florida 33521
Registered No. 13649-014

Dated: February ~~10,~~ 27 2005

ORDER

The foregoing motion is hereby ORDERED ____________________

____________________

Date this ____ day of
________, 2005