UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

DENNIS ROWE,

Plaintiff,

vs. Case No. 04-246T

U.S. MARSHAL'S SERVICE,
CORNELL COMPANIES, INC.,
WARDEN JOHN DOE, THOMAS
JENKINS, AND LOUIS LIEN,

Defendants.

______________________________/

**PLAINTIFF'S OBJECTIONS TO MAGISTRATE'S**
**REPORT AND RECOMMENDATIONS**

COMES NOW Plaintiff, DENNIS ROWE, pro se, and files his objections to the Report and Recommendation filed on October 17, 2005, by Magistrate Hagopian, and says:

I. The Objections Are Timely Filed.

The Magistrate's Report and Recommendation stated that "[a]ny objection to this Report and Recommendation must be...filed with the Clerk of Court within ten days of its receipt." Report and Recommendation, p. 2. The Report and Recommendation was received by Plaintiff on November 2, 2005. (See Exhibit A, Affidavit of Plaintiff Regarding Date of Receipt.)

These objections were placed in the institutional legal mailbox at FCC-Coleman Medium on November 11, 2005. Outgoing legal mail by a Federal prisoner is deemed filed with the Clerk of Court

as of the date said prisoner places the article (properly addressed and postage paid) in the institutional legal mailbox. See Houston v. Lack, 487 U.S. 266 (1988).

These objections are timely filed, as they were received on November 2, 2005, and filed (per the "mailbox rule" Houston, id.) on November 10, 2005.

## II. Specific Objections

### A. Service Has Been Effected

The Plaintiff respectfully objects to the Magistrate's conclusion that Plaintiff failed to serve the Defendants, for three reasons:

1. On August 2, 2004, the Magistrate denied Plaintiff's request for the U.S. Marshal to serve the Defendants. Subsequently, the Plaintiff was authorized to proceed in forma pauperis on December 3, 2004, thereby entitling Plaintiff to have the U.S. Marshal serve the Defendants. The Magistrate's order of August 2, 2004, directed the Plaintiff "to attempt to serve the named Defendants informally, by mailing a copy of the complaint and copies of the 'waiver of service' forms to each Defendant." Order, filed August 2, 2004. Plaintiff served the Defendants twice, in precisely the manner described in the August 2, 2004, Order. Though Plaintiff concedes that a subsequent order directed Plaintiff to "effect service on the remaining Defendants pursuant to Fed.R.Civ.P. 4" (Order of December 13, 2004), Plaintiff respectfully submits that

service in compliance with the Order of August 2, 2004 is good service, which established the law of the case.

2. Plaintiff respectfully submits that the compliance by Defendants with Fed.R.Civ.P. 4(c)(2)(C)(ii) does constitute valid service. Morse v. Elmira Country Club, 752 F.2d 35 (1984). "We do not agree that...[Rule 4(c)] should be read to void a received-but-unacknowledged mail service, or to substitute the requirement of personal service in lieu of an acknowledged mail service." Id., at 39. "As in Morse, Defendants here have not given 'adequate explanation why the acknowledgement was withheld..., nor any proper basis for nullifying mail service deliberately withheld." Gilliam v. Quinlan, 608 F.Supp. 823 (S.D.N.Y. 1985), quoting Morse v. Elmira Country Club, at 40. As in Morse and Gilliam, in the case at bar it is admitted that Defendants Cornell Companies, Inc. and Thomas Jenkins received the mail service, but refused to acknowledge this service. "Justice and equity dictate that Defendants should not be accorded a windfall for playing 'dog in the manger.' " Gilliam, id., at 830, f.n. 3. This is especially true where the Magistrate declined to permit service by the Marshal at the time of filing and directed Plaintiff to serve by mail.

3. Plaintiff objects to the Magistrate's conclusion (at p. 2 of the Report and Recommendation) that Plaintiff "admits that he has not accomplished service in his Response." It is true that, in response to the claim that he has failed to effect valid service, Plaintiff repeatedly points to the fact of his having served

by mail, however, Plaintiff submits that this mail service was effective, based on Morse v. Elmira and in compliance with that Magistrate's Order of August 2, 2004.

B. There Is "Good Cause" Not To Dismiss And No Prejudice To Defendants

The Plaintiff respectfully objects to the Magistrate's recommendation that Plaintiff's complaint should be dismissed. Presumably, the Magistrate has concluded dismissal is proper under Fed.R.Civ.P. 4(m). Plaintiff respectfully disagrees (for the reasons set forth hereinabove), however, assuming arguendo that Plaintiff has not served the Defendants, this case should not be dismissed because the Defendants do not claim prejudice (nor have they suffered prejudice) and because there exists good cause for Plaintiff's delay.

The factors to consider when determining whether Plaintiff demonstrated good cause for late service of process are Plaintiff's reasonable efforts to effect service and prejudice to Defendant from delay. National Union Fire Insurance Co. of Pittsburgh, Pa. v. Barney Assoc's, 130 F.R.D. (S.D.N.Y. 1990). See also Gilliam v. Quinlan, 608 F.Supp. 823 (S.D.N.Y. 1985), at 829, f.n. 3, citing Rose v. Koch, 465 F.Supp. 1157, 1159 (E.D.N.Y. 1979).

1. There Has Been No Demonstration Of Prejudice

In the case at bar, the Plaintiff objects to the Magistrate's recommendation of dismissal because:

a. The Magistrate's Report and Recommendation does not

make a finding of prejudice to any Defendant.

b. The Defendants, in their extensive Memorandum and Motion to Dismiss, do not allege prejudice.

c. No Defendant has suffered prejudice.

d. The record is devoid of any claim of prejudice by any Defendant.

2. Plaintiff's Efforts To Effect Service Have Been Reasonable

Plaintiff submits that Plaintiff's efforts to serve have been reasonable and constitute good cause not to dismiss, for three reasons:

a. Plaintiff's Efforts To Serve Have Been Reasonable

i. At the time Plaintiff filed his complaint, he asked the Court to order service by the Marshal. Had the court granted this request, service would undoubtedly have been accomplished without delay, the court and the parties would have been saved significant efforts and costs expended on this issue, and Plaintiff would not be facing the complete loss of his sole right to compensation for Defendant's unlawful conduct.

On August 2, 2004, the Magistrate denied Plaintiff's request for Marshal service, presumably because Plaintiff had not been authorized to proceed in forma pauperis at that time (though the Magistrate in his discretion, could have ordered Marshal service (see Fed.R. Civ.P. 4(c)(2)(B)(iii)). Several months later, the Magistrate

found that "the Plaintiff does not appear to be responsible for the delay in responding to this Court's Order" (Report and Recommendation of August 8, 2004), and then granted Plaintiff in forma pauperis status!

At that time, Plaintiff was entitled to service by the U.S. Marshal (per Fed.R.Civ.P. 4(c)(2)(B)(i)), yet the Magistrate, on December 13, 2004, ordered Plaintiff to "effect service on the remaining named Defendants pursuant to Fed.R.Civ.P. 4." Order, December 13, 2004, p. 2. Respectfully, the court should have ordered service by the Marshal, since the reason for the initial denial of Marshal service was not attributed to Plaintiff (there had been a "lockdown" at FCC Coleman Medium due to a serious hurricane.) Had Plaintiff renewed his request for Marshal service, it should have been granted. Instead, when faced with the court's previous denial of Marshal service (in the Order of August 2, 2004), the court's specific instruction to serve by mail (in the same Order), and the general direction on December 13, 2004 to serve "pursuant to Fed. R.Civ.P. 4" (including, of course, mail service, Marshal service and personal service within its sub-parts,) it was not unreasonable for Plaintiff to rely on mail service.

It must be noted that Plaintiff has never intentionally delayed his attempts to complete service. He promptly sought Marshal service. When denied this course, he twice had promptly effected mail service. He has mailed copies of the suit to the prison, to Defendant's headquarters, and to their counsel. He has responded to each of the Court's Orders regarding completion of service,

however, not in the manner the court envisioned (but did not specify).

It is respectfully submitted that Plaintiff's belief that mail service was valid was a reasonable belief, given the events described above. Plaintiff clearly did not delay nor seek to use non-service for any advantage. His efforts to serve, based on the foregoing, were reasonable.

It is also respectfully submitted that the Magistrate's Report and Recommendation furthers the confusion that has been created with the finding that "[t]he Plaintiff had ample opportunity to either hire a constable or serve the Defendants by other means." Report and Recommendation, October 17, 2005, p. 2."Though Plaintiff, pro se, is 'unlearned in the law', after a careful examination of the record, Plaintiff has come to the belief that he was entitled, as of December 3, 2004, to Marshal service. Plaintiff objects to this finding that his only avenues of service were to "hire a constable or serve the Defendants by other means." Id.

b. <u>Defendants Had Actual Notice And Were Unjustified In Refusing To Acknowledge Service By Mail</u>

i. The reasonableness of Plaintiff's efforts to serve should be viewed in light of the Defendant's unjustified refusal to accept mail service. It is <u>admitted</u> that defendants have received copies of the suit at three separate locations, to wit: the prison where Plaintiff was poisoned, the Defendant's corporate offices, and the offices of Defendant's counsel. Though Defendant's counsel points to certain deficiencies in the manner of service, they do not and cannot dispute actual notice.

As to Defendant Jenkins, Defendant's claim (and Plaintiff disputes by sworn affidavit) that the first mail service did not contain a summons. They do not dispute that Mr. Jenkins had actual notice, as they concede he was employed as a chief executive at the time mail service was first received. It is important to note also that the Magistrate's Order of August 2, 2004, explicitly directed that mail service could be effected without including a summons. Mr. Jenkins had actual notice.

Defendant Cornell Companies, Inc., undisputably had actual notice. Though Plaintiff certainly concedes that, as a pro se litigant, he did not apprehend the arcane difference between a party's counsel and their agent for service, nevertheless, the presence in the record of the affidavit by Mr. Perrin, Cornell's Senior Vice President, Chief Administrative Officer and Corporate Secretary establishes "actual knowledge" beyond dispute.

ii. Defendants do not attempt to justify their refusal to acknowledge mail service. This is especially significant when mail service was ordered by the Magistrate on August 2, 2004. Plaintiff submits that both the spirit of Rule 4 (as amended in 1983) and the admonitions of Rule 11 suggest that, once the court had denied Plaintiff Marshal service and directed Plaintiff to attempt service by mail, that Defendants had some minimal obligation not to impede the progress of this litigation by 'playing dog in the manger.' "Certainly the desire to harass or inconvenience Plaintiff, or to delay the tolling of limitations, should not be an excuse or a reason to interpret the rule against Plaintiff. There is, in other

words, no rationale for allowing a properly served Defendant deliberately and willfully to postpone the ending of limitations by simply refusing to do what the rule calls on him to do." Morse v. Elmira Country Club, 752 F.2d 35 (2d Cir. 1984). In this case, Defendants were 'properly served' because the court had directed service by mail. Defendants should not gain by their actions.

III. Conclusion

Plaintiff respectfully places each of the foregoing specific objections to the Magistrate's Report and Recommendation into the record. He requests the right to submit additional authority or to respond to authority argued by Defendants in response to these objections.

Plaintiff submits that Defendants Cornell Companies, Inc., and Thomas Jenkins have been properly served. If the Court determines otherwise, Plaintiff submits that good cause exists to not dismiss this action and to permit Marshal service (see Motion for Service By U.S. Marshal, filed herewith.) Additionally, for the reasons set forth in Sections II, B, herein, Plaintiff requests additional time to locate and serve the remaining Defendants (except for Cornell Companies, Inc.). Plaintiff respectfully submits that, had he been granted Marshal service on either August 2, 2004 when he first requested it, or on December 13, 2004 when he was authorized to proceed in forma pauperis, all named Defendants would have been served in accordance with the law.

Respectfully Submitted,

Dennis Rowe

Dennis Rowe, Pro Se
Reg. No. 13649-014
FCC-Medium Unit B-4
P.O. Box 1032
Coleman, FL 33521-1032

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing motion was sent by regular mail to the attorney for defendant Cornell Companies, Inc., Dennis T. Grieco, II, Gridley, Sarli & Marusak, L.L.P., One Turks Head Place, ste. 900, Providence, RI 02903, on this 11 day of November, 2005.

Dennis Rowe

Dennis Rowe, Pro Se

**CERTIFICATE OF MAILING**

I HEREBY CERTIFY that on the 11th day of November, 2005, I placed the foregoing motion in the institutional legal mailbox, with first class postage affixed. In accordance with the mailbox rule my motion is deemed filed this day. Houston v. Lack, 487 U.S. 266 (1988).

Dennis Rowe

Dennis Rowe, Pro Se

# AFFIDAVIT

I HEREBY DECLARE UNDER PENALTY OF PERJURY that the Magistrate's Report and Recommendation in Case No. 04-246T, of which I am the Plaintiff named therein was received by me at the Federal Correctional Complex-Medium, P.O. Box 1032 Coleman, Florida thru institutional mail. Attached hereto is the envelope I received the Order (Report and Recommendation) in. On the envelope is the date November 2, 2005. This date was written on there by the Correctional Officer that delivered the mail to me on that day.

This Court's Order allowed me ten (10) days from that date to file my objections to the Report and Recommendation. As stated in my motion, and again in the Certificate of Mailing, I placed the foregoing motion (Plaintiff's Objections to Magistrate's Report and Recommendations) in the institutional legal mailbox on November 11, 2005. My motion is therefore deemed filed that day in accordance with the "mailbox rule" (see Houston v. Lack, 487 U.S. 266 (1988), and it therefore timely filed.

FURTHER AFFIANT SAYETH NOUGHT.

Signed and dated this 11th day of November, 2005.

Respectfully Submitted,

Dennis Rowe

Dennis Rowe, Pro Se

**EXHIBIT "A"**

UNITED STATES DISTRICT COURT
OFFICE OF THE CLERK
PROVIDENCE, RHODE ISLAND 02903-1779

OFFICIAL BUSINESS

Hasler

012H16206190
$00.370
10/17/2005
Mailed From 02903
US POSTAGE

13649-014
B-4

11/22/05

104

33521-8802-46 0099