UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

DENNIS ROWE,
Plaintiff

VS. C. A. No. 04-246 T

UNITED STATES MARSHALS
SERVICE, et al,
Defendants

**CORNELL COMPANIES, INC.'S OBJECTION TO PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT OR IN THE ALTERNATIVE, TO VACATE JUDGMENT**

Defendant, Cornell Companies, Inc. ("Cornell") hereby objects to the plaintiff's motion to amend or vacate judgment. As grounds, Cornell relies upon and incorporates by reference a supporting memorandum of law filed herewith.

**WHEREFORE**, the plaintiff's motion to amend or vacate judgment should be denied.

CORNELL COMPANIES, INC.
By its Attorneys,

Dennis T. Grieco II #5057
Gidley, Sarli & Marusak, LLP
One Turks Head Place, Suite 900
Providence, RI 02903
(401) 274-6644
(401) 331-9304 (FAX)

TO: Dennis Rowe, #13649-014
Federal Correctional Complex - Medium
P.O. Box 1032
Coleman, FL 33521

I hereby certify that on the 13 day of December, 2005, I mailed a true copy of the within to plaintiff, *pro se* at the above address.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

DENNIS ROWE,
Plaintiff

VS. C. A. No. 04-246 T

UNITED STATES MARSHALS
SERVICE, et al,
Defendants

**CORNELL COMPANIES, INC.'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT OR IN THE ALTERNATIVE, TO VACATE JUDGMENT**

Defendant, Cornell Companies, Inc. ("Cornell") hereby objects to the plaintiff's motion to amend or vacate judgment. Plaintiff has failed to enumerate sufficient grounds warranting vacation of this Court's order of dismissal. Furthermore, to date the plaintiff has failed to perfect service of process upon Cornell or any other named defendant. Plaintiff's complete failure to prosecute this action prevents good cause for extending the time for service. Thus, this Court's order of dismissal should stand.

**BACKGROUND**

The plaintiff, Dennis Rowe, originally filed his complaint in this action in June of 2004. (Plaintiff's Complaint at 1 (stamped received for filing on 6/21/04).) On or about June 21, 2004, plaintiff requested that the U.S. Marshals effect service on the named defendants, and his motion was denied on July 30, 2004. In its Order denying plaintiff's request, this Court stated that "Plaintiff is hereby directed to attempt to serve the named defendants **informally**, by mailing a copy of the complaint and copies of the 'waiver of service' forms to each defendant." (Order of Judge Hagopian, 7/30/04 (bold text added, underlining in original).)

Subsequently, on September 27, 2004. Plaintiff filed a motion to proceed *in forma pauperis* and to strike certain defendants named in the original Complaint, which was granted on December 13, 2004. (Order of Judge Hagopian at ¶ 1, 12/13/04.) In its order granting plaintiff's motion to proceed *in forma pauperis*, however, this Court ordered plaintiff "to effect service of process on the remaining named

defendants pursuant to Fed.R.Civ.P. 4." (Order of Judge Hagopian at ¶ 3, 12/13/04.) Plaintiff never filed a second motion seeking service by the U.S. Marshals until November 21, 2005, after the present action was dismissed by this Court.

Plaintiff made his first, failed attempt at service on or about February 28, 2005, nearly seven (7) months after this Court's original order directing him to attempt to serve the defendants informally. Plaintiff thereafter filed an Amended Complaint on June 13, 2005 and made his second and last failed attempt at service in July of 2005.

Plaintiff requested entry of default on or about August 30, 2005. This Court issued an Order to Show Cause on September 6, 2005, stating affirmatively that "plaintiff . . . has not effected service on any named defendant" and compelling plaintiff to show cause why his complaint should not be dismissed for this failure. (Order to Show Cause, 9/6/05 (emphasis added).) Plaintiff responded to the show cause order on or about September 10, 2005, and on October 14, 2005 this Court denied plaintiff's request for entry of default because "Plaintiff has not properly served any named defendants in this case." (Order of Judge Hagopian, typed onto Plaintiff's Request for Entry of Default, 10/14/05 (emphasis added).) The Plaintiff did not seek review of that Order or finding. This Court subsequently dismissed the present action on November 7, 2005, "for plaintiff's failure to properly serve the defendants as required by Fed.R.Civ.P. 4." (Order of Chief Judge Torres, 11/7/05 (emphasis added).) In response, plaintiff has filed a motion to amend or vacate the order of dismissal.

## ARGUMENT

The plaintiff's motion to amend or vacate the order of dismissal should be denied. Plaintiff has identified no sufficient justification warranting such action under the Federal Rules of Civil Procedure. Furthermore, for the reasons stated in Cornell's Memorandum of Law in Support of Its Motion to Dismiss the Plaintiff's Complaint for Untimely Service of Process, the plaintiff has failed to effect service of process upon any of the named defendants pursuant to Fed.R.Civ.P. 4. In addition, the plaintiff's

complete failure to prosecute this action prevents a finding of good cause justifying extension of the time for service. Therefore, this Court's order of dismissal should stand.

## I. STANDARD FOR RELIEF FROM JUDGMENT OR ORDER

The Plaintiff seeks relief under Fed.R.Civ.P. 59(e) and 60(b)(1). While the Plaintiff claims that the Court may have been mistaken in its belief that he had not filed a timely objection to the Magistrate Judge's October 17, 2005 Report and Recommendation, the real issue presented by his motion is whether the Court's multiple findings that he failed to effect service of process were correct and warranted dismissal. If they were and warranted dismissal, then any purported mistake over the timeliness of Plaintiff's objection to the Report and Recommendation is irrelevant. Rule 60(b)(1) does not apply to that issue. Federal Rule of Civil Procedure 60(b) provides as follows:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed.R.Civ.P. 60(b). "It is settled law in [the First] [C]ircuit that a motion which asks the court to modify its earlier disposition of a case solely because of an ostensibly erroneous legal result is brought under Fed.R.Civ.P. 59(e)" and not determined under the "mistake" standard of Rule 60(b)(1). Rodriguez-Antuna v. Chase Manhattan, 871 F.2d 1, 2 (1st Cir. 1989). Thus, Plaintiff's motion must be considered under Rule 59(e) and its applicable standard.

> A motion under Rule 59(e) must rely on at least one of three grounds: 1) intervening change in controlling law, 2) availability of new evidence not previously available, or 3) need to correct a clear error of law or prevent manifest injustice. See Standard Quimica De Venezuela v. Central Hispano International, Inc., 189 F.R.D. 202, n. 4 (D.P.R.1999); see also Rivera Surillo & Co. v. Falconer Glass Indus., Inc., 37 F.3d 25, 29 (1st Cir.1994) (citing F.D.I.C. v. World University, Inc., 978 F.2d 10, 16 (1st

> Cir.1992); Cherena v. Coors Brewing Co., 20 F.Supp.2d 282, 286 (D.P.R.1998); see also National Metal Finishing Co. v. BarclaysAmerican/Commercial, Inc., 899 F.2d 119, 124 (1st Cir.1990). Hence, this vehicle **may not be used by the losing party "to repeat old arguments previously considered and rejected, or to raise new legal theories that should have been raised earlier".** Id. at 123. See also, Waye v. First Citizen's National Bank, 846 F.Supp. 310, 314 n. 3 (M.D.Pa.1994) (a motion for reconsideration is unavailable if it simply brings a point of disagreement between the court and the litigant, or to reargue matters already properly prior thereto disposed).

Roman v. Delgado Altieri, 390 F.Supp.2d 94, 110 n.5 (D.P.R. 2005).

## II. THIS COURT'S ORDER OF DISMISSAL SHOULD NOT BE VACATED BECAUSE PLAINTIFF HAS FAILED TO ALLEGE FACTS SUFFICIENT TO WARRANT SUCH VACATION UNDER THE APPLICABLE RULE OF PROCEDURE

As grounds for his request for vacation of the order of dismissal, Plaintiff points to mistake. In support thereof, Plaintiff alleges that he was not timely notified of Judge Hagopian's Report and Recommendations concerning Cornell's motion to dismiss, he therefore was prevented from filing a timely objection, and this Court thus "entered its order [of dismissal] without the benefit of Plaintiff's . . . objections." (See Plaintiff's Motion to Alter or Amend Judgment or in the Alternative, to Vacate Judgment ("motion to vacate"), at 1.)

Plaintiff, however, has had several opportunities to present evidence of service on the defendants and has presented such purported evidence on a number of occasions. Plaintiff had described his efforts to effect service in several pleadings, including his Response to Order to Show Cause filed on September 16, 2005, and his Memorandum in Opposition to Cornell's motion to dismiss filed on October 20, 2005. Neither his present motion nor his untimely Objections to Magistrate's Report and Recommendations, filed on November 21, 2005, presents any new facts or arguments not previously presented to the Court. Thus, the Plaintiff's latest attempt "to repeat old arguments previously considered and rejected" by the Court provides no basis under Rule 59(e) to vacate the Court's dismissal. Roman v. Delgado Altieri, 390 F.Supp.2d 94, 110 n.5 (D.P.R. 2005). The Court need not and should not revisit these issues and its dismissal of the Plaintiff's claims should stand.

As further grounds for vacation, Plaintiff apparently points to other mistakes regarding the method of perfecting service of process under Federal Rule of Civil Procedure 4 and his duty to do so

once he was granted *in forma pauperis* status. (See Plaintiff's motion to vacate, at 4-6.) Specifically, Plaintiff argues that mailing the request for waiver of service constituted sufficient service of process both as a matter of law and because this Court ordered him to make such attempt on July 30, 2004. (See id. at 4-5.) Plaintiff further argues that, once he was granted *in forma pauperis* status, this Court *sua sponte* "should have ordered service by the Marshal." (See id. at 8.) For the reasons to be explained below, these alleged mistakes were unreasonable and thus do not justify his failure to perfect service of process.

More importantly, however, such mistakes do not constitute mistake of fact warranting vacation of the order under Rule 60(b). Instead, they constitute mere mistake of law for which the law provides no relief. See Farm Construction Services, Inc. v. Fudge, 831 F.2d 18, 21 (1st Cir. 1987) (even a mutual mistake of law did not warrant vacation of judgment); David-Hodosh Co., Inc. v. Santopadre, 313 A.2d 378, 380 (R.I. 1974) (unawareness of the legal consequences of service of process was "in the nature of mistake of law rather than of fact for which no relief can be granted"). For this reason also, this Court's order of dismissal should not be vacated.

## III. PLAINTIFF SHOULD NOT BE GRANTED RELIEF BECAUSE HIS MISTAKES WERE UNREASONABLE AND HE HAS WHOLLY FAILED TO PROSECUTE THIS ACTION

### A. PLAINTIFF'S FAILURE TO PERFECT SERVICE OF PROCESS WAS UNREASONABLE AND THEREFORE RELIEF IS UNJUSTIFIED

Plaintiff makes three arguments as grounds for his prayer for relief. Plaintiff first argues that his alleged compliance with this Court's Order of July 30, 2004 should constitute sufficient service of process. (See Plaintiff's motion to vacate, at 4-5.) In its July 30, 2004 order, however, this Court directed Plaintiff to "attempt to serve the named defendants informally, by mailing a copy of the complaint and copies of the 'waiver of service' forms to each defendant." (Order of Judge Hagopian, 7/30/04 (emphasis added).) The Court thus ordered Plaintiff to request waiver of service in the manner prescribed by Federal Rule of Civil Procedure 4(d). See Fed.R.Civ.P. 4(d). Plaintiff claims that he complied with this order twice. (See Plaintiff's motion to vacate, at 4.) None of the named defendants, however, waived service of process. Undoubtedly, in recognition of this fact, this Court subsequently ordered the Plaintiff

to effect service on the defendants pursuant to Fed.R.Civ.P. 4. (See Order of Judge Hagopian at ¶ 3, 12/13/04.) Plaintiff admits that he never complied with this Order. (See motion to vacate, at 4.) Thus, Plaintiff's selective compliance with Orders of this Court is inherently unreasonable.

Furthermore, even if Plaintiff misinterpreted this Court's order of December 13, 2004 and mistakenly assumed that requesting waiver of service would constitute valid and effective service, such a mistake does not warrant relief. For the reasons stated in part II *supra*, such would be a mistake of law for which this Court provides no relief. Additionally, such a mistake would have been unreasonable in light of the fact that the Plaintiff was alerted by this Court on several occasions that he had not perfected service of process as ordered. Specifically, this Court notified the plaintiff of the deficiency on September 6, 2005 in its Order to Show Cause why his complaint should not be dismissed for his failure. (Order to Show Cause, 9/6/05.) This Court again notified the plaintiff of the deficiency on October 14, 2005 in its denial of Plaintiff's request for entry of default. (Order of Judge Hagopian, typed onto Plaintiff's Request for Entry of Default, 10/14/05.) Still the Plaintiff expended no effort to perfect service. Thus, any belief on the part of the plaintiff that his original attempts at service were sufficient to perfect service of process under Rule 4 would have been unreasonable.

Second, Plaintiff argues that the request for waiver of service constituted sufficient service of process under the law. Plaintiff argues that "compliance by Defendants with Fed.R.Civ.P. 4(c)(2)(C)(ii) does constitute valid service" and cites Morse v. Elmira Country Club, 752 F.2d 35 (2nd Cir. 1984), and Gilliam v. Quinlan, 608 F.Supp. 823 (S.D.N.Y. 1985), as support for this proposition. (Plaintiff's motion to vacate, at 5 (emphasis in original).) First, the First Circuit refused to adopt this position in Media Duplication Services, Ltd. v. HDG Software, Inc., 928 F.2d 1228 (1st Cir. 1991), and expressly held that "in the absence of timely assent by the defendant, (C)(ii) service is ineffective and the plaintiff must resort to another authorized form of service." Id. at 1234. More importantly, however, in 1993 Congress amended Rule 4 to replace subdivision (c)(2)(C)(ii) with subdivision (d). In the Advisory Committee Notes to Rule 4, it is explained that

> The former text described this process as service-by-mail. This language misled some plaintiffs into thinking that service could be effected by mail without the affirmative cooperation of the defendant. E.g., Gully v. Mayo Foundation, 886 F.2d 161 (8th Cir. 1989). It is more accurate to describe the communication sent to the defendant as a request for a waiver of formal service.

FEDERAL CIVIL JUDICIAL PROCEDURE AND RULES 47 (West 2005). The Advisory Committee Notes continue to affirmatively state that "transmission of the notice and waiver forms is a private nonjudicial act, <u>does not purport to effect service</u>, and is not accompanied by any summons or directive from a court . . . ." <u>Id.</u> (emphasis added). Finally, the Notes explain that

> The provisions in former subdivision (c)(2)(C)(ii) of this rule may have been misleading to some parties. Some plaintiffs, not reading the rule carefully, supposed that receipt by the defendant of the mailed complaint had the effect both of establishing the jurisdiction of the court over the defendant's person and of tolling the statute of limitations in actions in which service of the summons is required to toll the limitations period. The revised rule is clear that, if the waiver is not returned and filed, the limitations period under such a law is not tolled and <u>the action will not otherwise proceed until formal service of process is effected</u>."

<u>Id.</u> at 48 (emphasis added).

Thus, it is clear that since 1993 plaintiffs have been obligated to formally serve process upon defendants who do not return the waiver of service forms. Since Plaintiff was under the same obligation and failed to formally serve process upon the defendants, he did not perfect service of process as required by the Federal Rules of Civil Procedure. Such a failure is unreasonable in light of the fact that the "rule" and corresponding case law upon which Plaintiff relies have been abrogated since 1993. At any rate, as explained in part II *supra*, mistake of law affords no relief to Plaintiff.

Third, Plaintiff argues that service of process should have been effected by the U.S. Marshals, despite the fact that this Court ordered him to effect service of process under Rule 4. Plaintiff argues that his request for service by the U.S. Marshals was denied in August of 2004,

> presumably because Plaintiff had not been authorized to proceed *in forma pauperis* at that time (though the Magistrate in his discretion, <u>could</u> have ordered Marshal service . . . . Several months later, the Magistrate . . . <u>granted Plaintiff in forma pauperis status</u>! At that time, Plaintiff was entitled to service by the U.S. Marshal, yet the Magistrate . . . ordered Plaintiff to 'effect service on the remaining named Defendants pursuant to Fed.R.Civ.P. 4. . . . Respectfully, the court should have ordered service by the Marshal . . . ."

(Plaintiff's motion to vacate, at 8 (emphasis in original) (citations omitted).)

Contrary to Plaintiff's belief, he was not automatically entitled to service by the U.S. Marshals once he was granted *in forma pauperis* status by this Court. This Court, in fact, implicitly considered service by the U.S. Marshals *sua sponte* at this time, because in the very same Order granting *in forma pauperis* status to Plaintiff, this Court compelled Plaintiff "to effect service of process on the remaining named defendants pursuant to Fed.R.Civ.P. 4." (Order of Judge Hagopian at ¶ 3, 12/13/04.) Since this Court explicitly denied Plaintiff service by the U.S. Marshals at the time it granted *in forma pauperis* status, Plaintiff's reliance on U.S. Marshals service was inherently unreasonable.

Rule 4 provides that "[t]he plaintiff is responsible for service of a summons and complaint within the time allowed under subdivision (m) . . . ." Fed.R.Civ.P. 4(c)(1) (emphasis added). The rule further provides that, "[a]t the request of the plaintiff . . . the court may direct that service be effected by a United States marshal . . . ." Fed.R.Civ.P. 4(c)(2) (emphasis added). Thus, even if this Court hadn't re-visited Plaintiff's initial request for U.S. Marshals service at the time it considered his request for *in forma pauperis* status, Plaintiff would then be obligated to renew his motion therefore for reconsideration by this Court. Plaintiff, however, never did so. Instead, Plaintiff ignored this Court's several admonitions that he had not effected service of process in apparent reliance upon service by the U.S. Marshals, which was denied by this Court one year ago. Such inaction was unreasonable and should not entitle Plaintiff to relief.

**B. PLAINTIFF'S COMPLETE FAILURE TO PROSECUTE THIS ACTION PREVENTS A FINDING OF GOOD CAUSE FOR RELIEF**

Rule 4(m) authorizes a court to exercise its discretion and extend the time for service "if the plaintiff shows good cause for the failure [to effect service within 120 days after the filing of the complaint]." Fed.R.Civ.P. 4(m). Plaintiff should not avoid dismissal, however, because he cannot show good cause for his failure to timely effect service or for his complete failure to prosecute the present action.

The Southern District of New York, in interpreting Fed.R.Civ.P. 4(j) (substantially similar to current Fed.R.Civ.P. 4(m), as amended) has explained that "[c]ourts in this circuit consider two factors when determining whether the plaintiff has demonstrated good cause under Rule 4(j): (1) the plaintiff's reasonable efforts to effect service, and (2) the prejudice to the defendant from the delay." National Union Fire Ins. Co. of Pittsburgh, PA v. Barney Associates, 130 F.R.D. 291, 293 (S.D.N.Y. 1990). As explained in part III-A *supra*, Plaintiff has failed to make reasonable efforts to effect service.

In addition, although Plaintiff filed his original complaint in this action in June of 2004, to date Plaintiff never attempted to effect formal service of process. Plaintiff did not even request waiver of service pursuant to this Court's Order of July 30, 2004 until February 28, 2005, nearly seven (7) months after this Court ordered him to do so, and only after this Court entered a second Order compelling him to effect formal service upon the defendants. Despite several admonitions by this Court, which came after Plaintiff's two (2) requests for waiver of service, that Plaintiff had not effected service of process, Plaintiff neither made any attempt at formal service nor ever requested that this Court extend the time for service. Instead, Plaintiff apparently relied upon his misinterpretations of law and concluded that he had perfected service of process. Such actions do not constitute good cause justifying an extension of time for service. See id. (citing Quann v. Whitegate-Edgewater, 112 F.R.D. 649, 661 (D.Md. 1986) (failure to move for an enlargement after time has expired is "at least some evidence of lack of diligence"));

This Court should follow the analysis of the Appeals Court of Massachusetts in Hull v. Attleboro Savings Bank, 596 N.E.2d 358 (Mass.App. 1992) and hold that prejudice to the defendant, or the lack thereof, is irrelevant when Plaintiff has failed to show good cause for his failure to effect timely service of process. That court, in looking to the judicial interpretation given by Federal courts to Rule 4(j) (substantially similar to current Fed.R.Civ.P. 4(m), as amended), explained that a judge, in denying a motion to dismiss and endorsing it "no prejudice shown by the delay," "apparently applied the wrong standard. 'Good cause' is 'a stringent standard requiring diligent' albeit unsuccessful effort to complete service within the period prescribed by the rule." Id. at 363 (citing Davis-Wilson v. Hilton Hotels Corp.,

106 F.R.D. 505, 509 (E.D.La. 1985)). The court went on to state that "the only exception to Rule 4(j) dismissal is good cause for failure to serve within the ninety days. Later service or later knowledge by the defendant is irrelevant to that." Id. at n. 10; see also Simmons v. State of R.I., 462 A.2d 974, 975 (R.I. 1983) (superceded on other grounds by Ricci v. Ricci, 462 A.2d 974 (R.I. 1997)) (quoting Messenger v. U.S., 231 F.2d 328, 331 (2d Cir. 1956)) (refusing to require a showing of prejudice on the part of the defendant as a precondition to the grant of dismissal for lack of diligence in procuring service of process because "'[t]he operative condition of the Rule is lack of due diligence on the part of the plaintiff—not a showing by the defendant that it will be prejudiced by denial of its motion. . . . It may well be that the latter factor may be considered by the court, especially in cases of moderate or excusable neglect, in the formulation of its discretionary ruling.'"). Since Plaintiff cannot make the requisite showing of good cause to justify an extension of time for service, prejudice to the defendants should be either irrelevant or presumed, and Plaintiff therefore is not entitled to relief.

**CONCLUSION**

For all of the above stated reasons, the plaintiff's motion to vacate the order of dismissal should be denied, and this Court's order of dismissal should stand.

CORNELL COMPANIES, INC.
By its Attorneys,

Dennis T. Grieco II #5057
Gidley, Sarli & Marusak, LLP
One Turks Head Place, Suite 900
Providence, RI 02903
(401) 274-6644
(401) 331-9304 (FAX)

CERTIFICATE OF SERVICE

Dennis Rowe, #13649-014
Federal Correctional Complex - Medium
P.O. Box 1032
Coleman, FL 33521

I hereby certify that on the 13 day of December, 2005, I mailed a true copy of the within to plaintiff, *pro se* at the above address.

[signature]