UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

DENNIS ROWE

         v.                      CA No. 04-246-T

UNITED STATES MARSHALS
SERVICE, et al.

### ORDER GRANTING PLAINTIFF'S MOTION TO VACATE

Dennis Rowe has filed a Motion to Alter or Amend Judgment, or in the Alternative to Vacate Judgment seeking relief from the Court's November 7, 2005, order granting defendant Cornell Companies, Inc. ("Cornell")'s Motion to Dismiss. For the reasons stated herein, Rowe's Motion to Vacate is granted.

Rowe commenced this action by filing a complaint on June 21, 2004. With his complaint, Rowe filed a request to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915 ("IFP request"), as well as a request that the Court appoint the United States Marshals Service or another suitable officer to serve plaintiff's summons and complaint on all defendants, pursuant to Fed. R. Civ. P. 4(c)(2) ("request for appointed service").

On August 2, 2004, Magistrate Judge Hagopian denied Rowe's request for appointed service and directed Rowe to mail a copy of the complaint and a "waiver of service" form to each defendant. Rowe has submitted documents indicating that he did so, by

1

certified mail, on February 28, 2005, and again on July 23, 2005, but that the defendants refused to waive personal service. See Pl.s's Sept. 10, 2005, Resp. to the Court's Order to Show Cause, at Exs. A and B.

On September 29, 2005, Cornell moved to dismiss the complaint alleging that the plaintiff had failed to effect service. On October 17, 2005, Magistrate Judge Hagopian, apparently being unaware that the defendants refused to waive service, issued a Report and Recommendation ("R&R") recommending that the Motion to Dismiss be granted without prejudice.

On November 7, 2005, after the 10-day period for objecting to the R&R had expired and no objection had been received from Rowe, this Court adopted the R&R and dismissed the case without prejudice.

On November 11, 2005, Rowe filed what, at first blush, appeared to be an untimely objection to the October 17th R&R explaining his unsuccessful attempt to obtain a waiver of service for the defendants. However, in support of his Motion to Vacate, Rowe has submitted an affidavit stating that he did not receive the R&R until November 2, 2005, less than 10 days before his objection was filed.

Because Rowe's objection was timely; and, because the magistrate judge's denial of Rowe's Motion for Service by the Marshal and the magistrate judge's Recommendation that Cornell's

Motion to Dismiss be granted, apparently, were based on the belief that the defendants would waive personal service, the order denying the Motion for Service by the Marshal and the order granting Cornell's Motion to Dismiss are vacated and both the Motion to Effect Service by the Marshal and the Motion to Dismiss are referred back to the magistrate judge for reconsideration.

By Order

_____
Deputy Clerk

ENTER:

_____
Ernest C. Torres
Chief Judge

Date: 2/17        , 2006

3