UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

FILED
MAR 23 2006
U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

DENNIS ROWE,
Plaintiff

VS. C. A. No. 04-246 T

UNITED STATES MARSHALS
SERVICE, et al,
Defendants

**DEFENDANT CORNELL COMPANIES, INC.'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT FOR DAMAGES PURSUANT TO 28 U.S.C. §1331 AND BIVENS VS. SIX UNKNOWN NAMED AGENTS,403 U.S. 388 (1971)**

Defendant, Cornell Companies, Inc. ("Cornell"), hereby responds to the above-referenced Amended Complaint as follows:

The introductory paragraph of the Amended Complaint contains a statement of law and description of claims, rather than an allegation of fact, to which no response is required. To the extent that this paragraph is interpreted to allege any wrongdoing on behalf of Defendant, it is denied.

**JURISDICTION**

The paragraph set forth in this section of the Amended Complaint contains a statement of law, rather than an allegation of fact, to which no response is required. Defendant does admit that this Court has subject matter jurisdiction over the so-called Bivens' claims asserted by the Plaintiff, but denies that it is liable for those claims.

## VENUE

The paragraph set forth in this section of the Amended Complaint contains a statement of law, rather than an allegation of fact, to which no response is required. Defendant does not deny that this Court is an appropriate venue for this case.

## PRELIMINARY STATEMENT

Denied.

## PARTIES

Defendant admits that on August 7th and August 8, 2001, Plaintiff was housed at the Donald W. Wyatt Detention Facility in Central Falls, Rhode Island. Defendant denies that it currently is also known as Cornell Corrections, Inc., is the private owner of the Donald W. Wyatt Detention Facility in Central Falls, Rhode Island, or was in any way responsible for Plaintiff's alleged exposure to carbon monoxide. Defendant does not have sufficient knowledge or information to admit or deny the allegations in the remaining paragraphs in the Amended Complaint set forth after the "PARTIES" section heading and before the first numbered paragraph at the bottom of page 3 of the Amended Complaint.

1. Defendant is without sufficient knowledge or information to admit or deny the allegations in this paragraph of the Amended Complaint and, accordingly, leaves Plaintiff to his proof.

2. Defendant is without sufficient knowledge or information to admit or deny the allegations in this paragraph of the Amended Complaint and, accordingly, leaves Plaintiff to his proof.

3. Defendant is without sufficient knowledge or information to admit or deny the allegations in this paragraph of the Amended Complaint and, accordingly, leaves Plaintiff to his proof.

4. Defendant is without sufficient knowledge or information to admit or deny the allegations in this paragraph of the Amended Complaint and, accordingly, leaves Plaintiff to his proof.

5. Defendant is without sufficient knowledge or information to admit or deny the allegations in this paragraph of the Amended Complaint and, accordingly, leaves Plaintiff to his proof.

6. Admitted.

7. Defendant is without sufficient knowledge or information to admit or deny the allegations in this paragraph of the Amended Complaint and, accordingly, leaves Plaintiff to his proof.

8. Defendant admits that on August 8, 2001, members of the Central Falls Fire Department came to the Donald W. Wyatt Detention Facility and tested the facility with instruments. Defendant lacks sufficient knowledge or information to admit or deny the remaining allegations in this paragraph of the Amended Complaint and, accordingly, leaves Plaintiff to his proof.

9. Defendant is without sufficient knowledge or information to admit or deny the allegations in this paragraph of the Amended Complaint and, accordingly, leaves Plaintiff to his proof.

10. Defendant is without sufficient knowledge or information to admit or deny the allegations in this paragraph of the Amended Complaint and, accordingly, leaves Plaintiff to his proof.

11. Defendant is without sufficient knowledge or information to admit or deny the allegations in this paragraph of the Amended Complaint and, accordingly, leaves Plaintiff to his proof.

12. Defendant is without sufficient knowledge or information to admit or deny the allegations in this paragraph of the Amended Complaint and, accordingly, leaves Plaintiff to his proof.

13. Defendant is without sufficient knowledge or information to admit or deny the allegations in this paragraph of the Amended Complaint and, accordingly, leaves Plaintiff to his proof.

14. Defendant is without sufficient knowledge or information to admit or deny the allegations in this paragraph of the Amended Complaint and, accordingly, leaves Plaintiff to his proof.

15. Defendant is without sufficient knowledge or information to admit or deny the allegations in this paragraph of the Amended Complaint and, accordingly, leaves Plaintiff to his proof.

16. Defendant is without sufficient knowledge or information to admit or deny the allegations in this paragraph of the Amended Complaint and, accordingly, leaves Plaintiff to his proof.

17. Defendant is without sufficient knowledge or information to admit or deny the allegations in this paragraph of the Amended Complaint and, accordingly, leaves Plaintiff to his proof.

18. Defendant is without sufficient knowledge or information to admit or deny the allegations in this paragraph of the Amended Complaint and, accordingly, leaves Plaintiff to his proof.

19. Defendant is without sufficient knowledge or information to admit or deny the allegations in this paragraph of the Amended Complaint and, accordingly, leaves Plaintiff to his proof.

20. Defendant is without sufficient knowledge or information to admit or deny the allegations in this paragraph of the Amended Complaint and, accordingly, leaves Plaintiff to his proof.

21. Defendant is without sufficient knowledge or information to admit or deny the allegations in this paragraph of the Amended Complaint and, accordingly, leaves Plaintiff to his proof.

22. Defendant is without sufficient knowledge or information to admit or deny the allegations in this paragraph of the Amended Complaint and, accordingly, leaves Plaintiff to his proof.

23. Defendant admits that subsequent to August 8, 2001, carbon monoxide detectors were installed at the Donald W. Wyatt Detention Facility. Defendant does not have sufficient knowledge or information to admit or deny the remaining allegations in this paragraph of the Amended Complaint and, accordingly, leaves Plaintiff to his proof.

24. Defendant is without sufficient knowledge or information to admit or deny the allegations in this paragraph of the Amended Complaint and, accordingly, leaves Plaintiff to his proof.

25. Denied.

26. Defendant denies the allegations contained in this paragraph to the extent that they relate to it or the Donald W. Wyatt Detention Facility. Defendant does not have sufficient knowledge or

information to admit or deny the remaining allegations contained in this paragraph of the Amended Complaint and, accordingly, leaves Plaintiff to his proof.

## CLAIMS FOR RELIEF

1. Denied.
2. Denied.
3. Denied.
4. Denied.
5. Denied.

## FIRST AFFIRMATIVE DEFENSE

Defendant asserts the defenses of insufficiency of and untimely service of process.

## SECOND AFFIRMATIVE DEFENSE

Defendant was not at any time a government actor against which constitutional claims may be asserted.

## THIRD AFFIRMATIVE DEFENSE

Alternatively, Defendant is immune from the Plaintiff's claims.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's injuries were caused, if at all, by the actions or conduct of other persons or entities for whom this Defendant has no responsibility and/or liability.

**WHEREFORE**, Defendant, Cornell Companies, Inc., respectfully demands judgment be entered in its favor, dismissing all of Plaintiff's claims and awarding it its costs and fees, along with such other relief this Court may deem just and proper.

Defendant, Cornell Companies, Inc., respectfully demands a trial by jury on all claims so triable.

Defendant, Cornell Companies, Inc., designates Dennis T. Grieco II as its trial counsel.

CORNELL COMPANIES, INC.
By its Attorneys,

Dennis T. Grieco II #5057
GIDLEY, SARLI & MARUSAK, LLP
One Turks Head Place, Suite 900
Providence, RI 02903
(401) 274-6644
(401) 331-9304 (FAX)

**CERTIFICATE OF SERVICE**

Dennis Rowe, #13649-014
Federal Correctional Complex - Medium
P.O. Box 1032 Unit B4
Coleman, FL 33521

I hereby certify that on the 23rd day of March, 2006, a true and correct copy of the within was mailed via first-class mail, postage prepaid, to plaintiff, *pro se* at the above address.