Case 1:04-cv-00246-T Document 47-1 Filed 05/23/2006 Page 1 of 5

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**DENNIS ROWE**

**v.** **C.A. No. 04 - 246 T**

**UNITED STATES MARSHALS SERVICE,**
et al.

**REPORT AND RECOMMENDATION**

Jacob Hagopian, Senior United States Magistrate Judge

Dennis Rowe ("plaintiff"), *pro se*, filed an Amended Complaint pursuant to 42 U.S.C. § 1983 and/or Bivens v.Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). Plaintiff's Amended Complaint names as defendants the United States Marshals Service, Cornell Companies, Inc., Thomas Jenkins, Louis Lun, John Doe, Warden of the Donald W. Wyatt Center, and John Doe, Correctional Officer at the Donald W. Wyatt Detention Center.

On September 29, 2005, defendant Cornell Companies, Inc. ("Cornell"), filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(2), (4) and (5) based upon plaintiff's failure to effect service. This matter has been referred to me for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, I recommend Cornell's motion to dismiss be denied.

**Background**

On June 21, 2004, plaintiff filed a Complaint along with a

motion for service of process. The Court denied the motion for service without prejudice, directing the plaintiff to attempt to serve the defendants informally pursuant to Fed.R.Civ.P. 4(d). On June 13, 2005, plaintiff filed an Amended Complaint. Plaintiff, however, did not secure service on the named defendants nor did he renew his motion for service of process by U.S. Marshal.

On September 6, 2005, the Court issued a Show Cause Order, directing the plaintiff to demonstrate why this action should not be dismissed based upon his failure to serve the defendants. Plaintiff provided a response and I issued a report recommending that the matter be dismissed. While the Show Cause Order was pending before me, defendant Cornell moved to dismiss pursuant to Fed.R.Civ.P. 12(b)(2), (4) and (5), based solely upon the plaintiff's failure to serve. The District Court adopted my recommendation on the show cause order and dismissed the action.

On November 21, 2005, plaintiff filed a motion for the U.S. Marshal to serve Cornell and on November 29, 2005, plaintiff filed a Motion to Vacate the dismissal. The District Court granted plaintiff's motion to vacate, referred the motion for service of process to me for determination, and referred the motion to dismiss filed by Cornell to me for a report and recommendation. I granted the motion for service of process, and Cornell has been served and filed an Answer in this matter. Currently before the Court is Cornell's motion to dismiss pursuant to Fed.R.Civ.P.

12(b)(2),(4) and (5).

**Discussion**

Rule 12(b)(2) of the Federal Rules of Civil Procedure provides for the dismissal of actions where there is a lack of personal jurisdiction. See Fed.R.Civ.P 12(b)(2). A federal court is without personal jurisdiction over a defendant unless the defendant has been served with process in accordance with Fed.R.Civ.P. 4. Brooks v. Richardson, 478 F.Supp. 793(S.D.N.Y. 1979). Rule 12(b)(4) of the Federal Rules of Civil Procedure provides for the dismissal of actions where there is an insufficiency of process. See Fed.R.Civ.P. 12(b)(4). Rule 12(b)(4) attacks the form of the process, rather than the method by which it is served. Rule 12(b)(5) of the Federal Rules of Civil Procedure, on the otherhand, provides for a dismissal of actions where there is an insufficiency of service of process. See Fed.R.Civ.P. 12(b)(5). Rule 12(b)(5) challenges the mode of the delivery of the process, or the lack of delivery of the summons and the complaint. See Crane v. Battelle, 127 F.R.D. 174, 176 (S.D.Cal.1989).

Here, as its sole basis for dismissal pursuant to Fed.R.Civ.P. 12(b)(2), (4) and (5), Cornell indicates that it has not been served with a copy of the Complaint and a Summons. However, since the filing of Cornell's motion, the Court has ordered the United States Marshal to serve Cornell. The Marshal has done so and

Cornell filed an Answer. Since Cornell had now been served, and since it has argued no other basis for the lack of personal jurisdiction, insufficiency of process, or the insufficiency of service of process, I recommend the its motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(2), (4) and (5) be denied.

Additionally, Cornel cites as a basis for dismissal, in its memorandum, Rule 4(m). Rule 4(m) provides in pertinent part:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed.R.Civ.P. 4(m).

Here, Cornell asserts that it was not served with process in this case within the 120 time period. Plaintiff, in his objection, details the steps he has taken to serve Cornell informally at the Court's direction. Considering the steps plaintiff has taken to serve Cornell informally, the Court will not punish the plaintiff for not securing service within the 120-day period. Accordingly, Cornell's motion to dismiss, insofar as it relates to Fed.R.Civ.P. 4(m), should be denied. I so recommend.

**Conclusion**

For the reasons set forth above, I recommend that Cornell's

Case 1:04-cv-00246-T Document 47-1 Filed 05/23/2006 Page 5 of 5

motion to dismiss filed on September 29, 2005, be denied. Any objection to this report and recommendation must be specific and must be filed with the Clerk of Court within ten days of its receipt. See Fed.R.Civ.P.72(b). Failure to file timely, specific objection to this report constitutes waiver of both the right to review by the district court and the right to appeal the district court's decision. United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986) (per curiam); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).

Jacob Hagopian
Senior United States Magistrate Judge
May 23, 2006

Accepted in the absence of an objection.

Ernest C. Torres
Chief, US District Judge
Date: 6/23/06