UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

DENNIS ROWE,
Plaintiff

VS. C. A. No. 04-246 T

UNITED STATES MARSHALS
SERVICE, et al,
Defendants

**DEFENDANT, CORNELL COMPANIES, INC.'S MOTION TO COMPEL PLAINTIFF'S RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS AND ANSWERS TO INTERROGATORIES**

Defendant, Cornell Companies, Inc. ("Cornell"), in the above-entitled action and pursuant to Fed. R. Civ. P. 37, hereby moves this Honorable Court for an Order compelling the Plaintiff, Dennis Rowe, to respond to the Request for Production of Documents and Interrogatories propounded upon him, on March 23, 2006. Furthermore, this Court, on May 11, 2006, in response to Plaintiff's Motion for Extension of Time, ordered that the Plaintiff shall respond to Defendant's request for production of documents on or before June 30, 2006. (See Order attached hereto as **Exhibit A**). As of the filing of this motion, Plaintiff has failed to respond or object.

I hereby certify that I have in good faith conferred or attempted to confer with Plaintiff, *pro se* in an effort to resolve this matter prior to court intervention.

WHEREFORE, Defendant's motion to compel should be granted.

Defendant requests a thirty (30) day order.

CORNELL COMPANIES, INC.
By its Attorneys,

/s/ Dennis T. Grieco II
Dennis T. Grieco II #5057
Gidley, Sarli & Marusak, LLP
One Turks Head Place, Suite 900
Providence, RI 02903
(401) 274-6644
(401) 331-9304 (FAX)

**CERTIFICATE OF SERVICE**

TO: Dennis Rowe
c/o Mrs. Rowe
22 Brown Street
Bloomfield, CT 06002

I hereby certify that on the 10th day of August, 2006, I mailed a true copy of the within to plaintiff, *pro se* at the above address.

Tina Hassan

F

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

DENNIS ROWE,

Plaintiff,

v. Case No. 04-246T

UNITED STATES MARSHALS' SERVICE, et al,

Defendants.

Referred to U.S.M.J. Hagopian
☐ for findings & recommendations
☒ for determination
☐ ______________
Ernest C. Torres, Chief Judge
Date: 5/11/06

**PLAINTIFF'S RESPONSE TO CORNELL COMPANIES REQUEST FOR PRODUCTION OF DOCUMENTS; AND MOTION FOR EXTENSION OF TIME FOR PLAINTIFF TO RESPOND TO INTERROGATORIES ; AND NOTIFICATION OF TEMPORARY CHANGE IN ADDRESS**

COMES NOW the Plaintiff, Dennis Rowe, pro se, hereby files his response to Cornell Companies request for production of documents and additionally, a motion requesting an extension of time in order for him to respond to the interrogatories from Cornell Company, and in support thereof, respectfully states the following:

Plaintiff is scheduled to be released from prison on Friday, May 5, 2006. At that time, he will be turned over to immigration authorities for them to determine if he will be allowed to remain in this country, or deported back to Jamaica.

Several weeks ago, prison authorities packed up all of Plaintiff's property to be mailed home prior to his release. In this property was all of Plaintiff's legal papers, including all of the documents requested by Cornell Company in their request (motion).

At the present time, Plaintiff does not have any of his legal documents in his possession, and therefore, cannot produce them as requested.

Plaintiff anticipates that he will be in immigration custody for approximately 90 days, pending investigation as to whether or not he will be deported. Once released from custody,

EXHIBIT
tabbles
A

**ORDER**

GRANTED in part. Plaintiff shall respond to Defendant's request for the production of documents on or before June 30, 2006.

[signature]
Senior U.S. Magistrate Judge Jacob Hagopian

Plaintiff will produce the requested documents to Cornell Company.

In addition, among the property packed by prison authorities, were the interrogatories sent to Plaintiff by Cornell Company. Plaintiff again states that once he is released from custody, he will immediately answer all of the interrogatories sent to him.

Plaintiff states that he is requesting an additional 120 days from this date, or up to and including September 5, 2006, to file his response to the interrogatories, and produce the requested documents. If Plaintiff is released sooner, then he will notify the Court and Defendant(s), and submit his answers and the requested documents.

Plaintiff has also been in contact with a private attorney who is considering representing Plaintiff in this matter. Should this attorney decide to take the case, then he will then handle the production of the documents, and assist Plaintiff in filing his answers to the interrogatories.

Plaintiff states that it is not for any delay purpose that he files this motion, but that due to no fault of his own, he is unable to comply with the Defendant's requests at this time.

Plaintiff states that to grant this continuance will not cause any harm to the Defendant(s), and that to do so would be in the interest of justice.

WHEREFORE, Plaintiff prays this Honorable Court grant his motion, and allow him up to and including September 5, 2006, to file his answers to the interrogatories, and to produce the documents requested, and for such other relief as justice deem just and proper in this premise.

Respectfully Submitted,

D Rowe

Dennis Rowe
22 Brown Street
Bloomfield, CT 06002

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been provided to the below named individual via first class U.S. Mail, postage prepaid, this 4th day of May, 2006:

Dennis T. Grieco II, Counsel for Defendant
Gidley, Sarli & Marusak, LLP
One Turks Head Place, Ste. 900
Providence, RI 02903

By:
D Rowe
Dennis Rowe, Pro Se
22 Brown Street 1
Bloomfield, CT 06002

D Rowe

1 Plaintiff's address in this motion is that of his wife, and by way of this motion, notifies the court and defendant of this temporary change in his address. All orders, responses, etc. should be sent to him at the above address until further notice.

# *Facsimile Cover Page*

***US District Court***
***District of Rhode Island***
***One Exchange Terrace***
***Federal Building & Courthouse***
***Providence, RI 02903***

## To:

Organization Name: DENNIS GRIECO

Fax Number: 3319304

Phone Number:

## From:

Sender: Ryan Jackson

Phone Number: 752-7210

Fax Number: 752-7247

*Note: You may send a Fax directly to your party by dialing:*
*752-7255#and then the last four digits of your party's phone number##*
*Example: 752-7255#7237##*
*Please remember the pound (#) symbols are important in routing the fax properly.*

**Total Number Pages including cover:** 4

## Message:

 5/23

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

DENNIS ROWE,
Plaintiff

VS. C. A. No. 04-246 T

UNITED STATES MARSHALS
SERVICE, et al,
Defendants

**DEFENDANT, CORNELL COMPANIES, INC.'S**
**INTERROGATORIES PROPOUNDED UPON THE PLAINTIFF, DENNIS ROWE**

The Defendant, Cornell Companies, Inc., pursuant to the provisions of Fed.R.Civ.P. 33, propound the following interrogatories to the Plaintiff, Dennis Rowe, to be answered under oath within thirty (30) days after service. These interrogatories shall be deemed to be continuing up to the time of trial so as to require supplemental answers if additional information or additional facts become available.

**Interrogatory No. 1**: State your full name, any other names you have been known by, date of birth, marital status, home address and present address, occupation or business, name of employer or business, business address and social security number.

**Interrogatory No. 2**: Give a detailed description of the damages and/or injuries, physical, mental or otherwise, alleged to have been suffered by you, designating those which were temporary and those which are permanent and as to the latter, state how they manifested themselves.

**Interrogatory No. 3**: State the names and addresses of all practitioners of the healing arts, and hospitals and institutions from whom or where you received treatment, examination or consultation for the injuries alleged to have been suffered by you, specifying as to each the date and the nature thereof.

**Interrogatory No. 4**: State the names and addresses of all practitioners of the healing arts, and hospitals and institutions, from whom or where you received treatment, examinations or consultations for the period of five (5) years before the time of each occurrence alleged in the Complaint to the present date, specifying as to each the dates and nature thereof.

**Interrogatory No. 5**: If you received psychiatric or psychological counseling, therapy or treatment at any time prior or subsequent to the incident sued upon, state the name of the person providing such treatment, his or her business address, the dates of treatment, and the conditions for which you received treatment on those dates.

**Interrogatory No. 6**: If you have any injuries, diseases, disabilities, physical defects or abnormalities of a nature similar to the injuries or conditions claimed to have been suffered by you in the matters sued upon, state as to each:

(a) the nature and dates;

(b) the names and addresses of any and all doctors, physicians, surgeons, nurses, therapists and other practitioners of the healing arts and hospitals and institutions from whom or where you received treatment or examination or consultation, and the dates of same; and

(c) the names and addresses of any and all persons against whom any claim was made or action commenced and the name and location of any court or commission in which an action was brought, and the result of such claim indicating the amount of any settlement or award.

**Interrogatory No. 7**: Describe the current state of your physical and mental health. As to any statement, report, or memorandum with respect to your current condition, set forth:

(a) nature of each such item;

(b) date on which it was prepared;

(c) the name and address of its preparer;

(d) a brief description of what it contains or purports to contain; and

(e) names and addresses of the persons and/or institutions having control or custody of each of them.

**Interrogatory No. 8**: If you claim that any further medical attention is necessary as a result of any incident sued upon, state the nature thereof, when such attention will be given, the name and address and specialty of the doctor or person recommending the same and the estimated cost thereof.

**Interrogatory No. 9**: List and describe each of the special or monetary damages incurred by you as a result of the incident sued upon, including but not limited to, hospital charges, medical charges, x-ray charges, laboratory fees, the cost of medicines, property damages, long distance or collect call fees, etc., giving the name and address of the person or organization to whom each item of expense has been paid or is payable and the dates such expenses were incurred.

**Interrogatory No. 10**: If you or any other persons, firm, corporation, or other entity acting on your behalf have made any claim or received any money or both, including but not limited to workers' compensation benefits, and including but not limited to Blue Cross/Blue Shield occasioned by the matter sued upon, as to each such claim or payment of money, state the date, the amount and nature, and the name and address of the person or organization to whom made or from whom received.

**Interrogatory No. 11**: State whether or not you have been involved in any incident prior to the date you answer this interrogatory for which a claim was made against anyone, giving the names and addresses of each person or persons against whom claim was made, the date of each such incident, and if suit was brought or claim made before a court or commission, state the name

and location of each court or commission in which suit was brought or claim made, the case number and the disposition thereof.

**Interrogatory No. 12**: As to each and every document, record, report, voice recording, photographs (x-ray or otherwise), or other item of any and every nature whatsoever, without limitation, in your possession or in the possession, custody, or control of anyone else which contain or purport to contain any information whatsoever directly or indirectly relating to the subject matter of this civil action, set forth:

(a) nature of each such items;

(b) date on which it was prepared;

(c) name and address of its preparer;

(d) brief description of what it contains or purports to contain; and

(e) names and addresses of the person and/or institution having possession or custody of each of them.

**Interrogatory No. 13**: State the names and addresses and specialties of each expert you intend to have testify in connection with this case, stating for each:

(a) the subject matter on which the expert is expected to testify;

(b) the substance of the facts and opinions to which the expert will testify; and

(c) a summary of the grounds for each opinion.

**Interrogatory No. 14**: State the name and address and telephone number of each person known to you or any person acting on your behalf having any knowledge concerning the matter sued upon and indicating how they came by such knowledge, their relationship to you and a description of the knowledge and facts you believe each person possesses.

**Interrogatory No. 15**: State the time, place and substance of each and every conversation that you had with any defendant and/or their agents and/or any other employees or staff of the Donald W. Wyatt Detention Facility or any other persons, involving the matters at issue in your Complaint, indicating the name and address of all persons present at all such conversations.

**Interrogatory No. 16**: Identify all documents or writings by title, author, date of publication and page on which you rely at trial to establish any duty or standard of care you contend was breached by defendants.

**Interrogatory No. 17**: As to each and every document you contend support your claims in this matter or that you intend to offer as exhibits at trial, please set forth:

(a) nature of each such documents;

(b) date on which it was prepared;

(c) name and address of its preparer;

(d) brief description of what it contains or purports to contain; and

(e) names and addresses of the person and/or institution having possession or custody of each such document.

**Interrogatory No. 18**: State the specific actions taken by you or someone acting on your behalf to file and prosecute this lawsuit, to investigate the identity of any potential defendant and to effect service of process upon each defendant.

**Interrogatory No. 19**: Set forth the particular law or legal authority, whether statutory, constitutional or otherwise, under which you claim each defendant and/or employees or agents were acting while committing the alleged violations contained in your Complaint.

**Interrogatory No. 20**: For each of the claims identified and described in the prior Interrogatory, set forth each and every fact upon which you rely to support your allegations against each Defendant.

**Interrogatory No. 21**: Set forth each and every fact upon which you rely to support any other claim you are asserting against each Defendant.

**Interrogatory No. 22**: For each prison, detention facility or other place of incarceration where you have been housed or have stayed, provide in detail:

(a) the name, address, and security level of the facility;

(b) the dates of your incarceration there;

(c) the reason for your incarceration;

(d) the level(s) of custody you were in at each facility;

(e) the date and description of any disciplinary charges made against you and the result of those charges; and

(f) a description of any claims you made against any facility or its staff, including the names and addresses of all parties, the name and address of the court, commission, board or other entity where the claim was made and the result.

**Interrogatory No. 23**: If you have ever been charged with or convicted of any criminal offense, including traffic offenses, state the nature of the crime/charge, the date of the charge/conviction, the name and address of the entity charging or the court convicting you.

**Interrogatory No. 24**: State the nature in which and the extent to which you have lost wages or your earning capacity has been impaired, if at all, by the incidents alleged in your complaint, and set forth the calculations by which you arrived at your claim for impaired earning capacity or lost wages.

**Interrogatory No. 25**: With respect to each employment you have had within the last ten (10) years, set forth:

(a) name and address of each employer;

(b) the dates you were employed with each employer;

(c) your weekly earning with each employer; and

(d) the title and nature of your duties with each employer.

**Interrogatory No. 26:** Set forth:

(a) name and address of each educational institution of any and every nature whatsoever in which you received schooling or other training;

(b) the dates during which you attended each such educational institution;

(c) the nature of the school or other training you received at each such institution; and

(d) the level of education (e.g. grade level, diploma, certificate, etc.) attained by you at each such institution.

CORNELL COMPANIES, INC.
By its Attorneys,

Dennis T. Grieco II #5057
GIDLEY, SARLI & MARUSAK, LLP
One Turks Head Place, Suite 900
Providence, RI 02903
Tel: (401) 274-6644
Fax: (401) 331-9304

**CERTIFICATE OF SERVICE**

Dennis Rowe, #13649-014
Federal Correctional Complex - Medium
P.O. Box 1032 Unit B4
Coleman, FL 33521

I hereby certify that on the 23rd day of March, 2006, a true and correct copy of the within was mailed via first-class mail, postage prepaid, to plaintiff, *pro se* at the above address.

[signature]

5/23

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

DENNIS ROWE,
Plaintiff

VS. C. A. No. 04-246 T

UNITED STATES MARSHALS
SERVICE, et al,
Defendants

**DEFENDANT, CORNELL COMPANIES, INC.'S REQUEST FOR PRODUCTION OF DOCUMENTS PROPOUNDED UPON THE PLAINTIFF, DENNIS ROWE**

Pursuant to Fed. R. Civ. P. 34, the Defendant, Cornell Companies, Inc., hereby request that the Plaintiff, Dennis Rowe, produce for inspection and/or copying at the office of Gidley, Sarli & Marusak, LLP, One Turks Head Place, Suite 900, Providence, Rhode Island 02903 within thirty (30) days of the date hereof, the following documents:

1. Any and all of the plaintiff's medical records, bills and reports, of whatever nature and kind, including office notes and x-rays, from any and all physicians, hospitals or other health care providers and correspondence with attorneys which relate in any way to the alleged injuries which are the subject of this litigation or sufficient authorizations to secure them.

2. Any and all of the plaintiff's medical records, bills and reports, of whatever nature and kind, including office notes and x-rays, from any and all physicians, hospitals or other health care providers which relate in any way to all injuries, whenever suffered, similar to the injuries which are the subject of this litigation or sufficient authorizations to secure them.

3. Any and all of the plaintiff's medical records, bills and reports of whatever nature and kind, including office notes and x-rays, from any and all physicians, hospitals or other health care providers for a period of five (5) years before the time each incident or occurrence alleged by the Plaintiff in his complaint to the present date or sufficient authorizations to secure them.

4. All photographs, videotapes and moving pictures in your possession, custody, or control depicting damages or injuries allegedly caused by the incidents complained of, and the scene of the incident.

5. W-2 forms furnished by any employer and Schedule C forms for a period of five (5) years prior to the alleged incidents to the present date or sufficient authorizations to secure them.

6. All employment records relating in any way to the plaintiff for a period of five (5) years before the occurrences alleged in the Complaint to the present, including income records and records of the dates lost from work for any reason whatsoever or sufficient authorizations to secure them.

7. All records/correspondence concerning your incarceration at any institution for a period of five years before the incident(s) at issue in your Complaint through the present.

8. Copies of any and all correspondence or communications of any kind between the plaintiff and the United States District Court or its agents.

9. All statements taken from any defendant or from agents or employees of any defendant regarding the incident which is the subject of this litigation.

10. All statements given by plaintiff regarding the incident which is the subject of this litigation, other than those covered by the attorney-client privilege or sufficient authorizations to secure them.

11. All statements given by anyone concerning the subject matter of this litigation.

12. All writings or other documents you contend establish or reflect any duty or standard you claim defendant failed to observe or follow correctly in its treatment or other contact with plaintiff.

13. All correspondence, memoranda, dairies, notes or other documents regarding the subject matter of this lawsuit.

14. Any and all documents the plaintiff contends support his claims or that he intends to offer as exhibits at trial.

CORNELL COMPANIES, INC.
By its Attorneys,

Dennis T. Grieco II #5057
GIDLEY, SARLI & MARUSAK, LLP
One Turks Head Place, Suite 900
Providence, RI 02903
Tel: (401) 274-6644
Fax: (401) 331-9304

**CERTIFICATE OF SERVICE**

Dennis Rowe, #13649-014
Federal Correctional Complex - Medium
P.O. Box 1032 Unit B4
Coleman, FL 33521

I hereby certify that on the 23rd day of March, 2006, a true and correct copy of the within was mailed via first-class mail, postage prepaid, to plaintiff, *pro se* at the above address.